OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, and defense counsel's no-merit brief and motion to withdraw. Appellant, Airik Talbott, appeals the decision of the Mahoning County Court of Common Pleas convicting him of one count of aggravated robbery with a firearm specification, and sentencing him to eight years in prison. Talbott's counsel has filed a no-merit brief on appeal and seeks to withdraw as counsel. Talbott did not file a pro se brief.
 {¶ 2} On January 17, 2007, a complaint was filed against Talbott in the Mahoning County Court of Common Pleas, Juvenile Division, alleging he was a delinquent child who had committed one count of aggravated robbery pursuant to 2911.01(A)(1)(C), with a firearm specification, pursuant to R.C. 2941.145(A). The charges were made in connection to a robbery of a drug store that had taken place when Talbott was seventeen years old. Talbott initially pled not guilty and counsel was appointed. The State then filed a motion to relinquish jurisdiction to the Mahoning County Common Pleas, General Division, to have Talbott adjudicated as an adult.
 {¶ 3} On August 3, 2007, Talbott appeared in court along with his attorney and his mother, and agreed to waive the probable cause hearing and have the matter bound over to the General Division. In exchange, the State agreed to dismiss a separate juvenile case. The court concurred and transferred the case.
 {¶ 4} On September 13, 2007, Talbott was indicted by the Mahoning County Grand Jury on one count of aggravated robbery, a first-degree felony, pursuant to R.C. 2911.01(A)(1)(C), with a firearm specification, pursuant to R.C. 2941.145(A). Talbott pled guilty to the charges contained in the indictment. In exchange, the State agreed to recommend that Talbott receive the minimum prison sentence for his crimes, i.e., six years in prison: three for the aggravated robbery count and three for the firearm specification.
 {¶ 5} The trial court ultimately sentenced Talbott to a total of eight years in prison: five for the aggravated robbery and three for the firearm specification, along with five years mandatory post-release control. On December 14, 2007, the court issued its judgment entry of sentencing. *Page 2 
 {¶ 6} On September 5, 2008, we issued a limited remand to the trial court, because the sentencing entry did not comport with the requirements set forth in State v. Baker, 119 Ohio St.3d 197,2008-Ohio-3330, 893 N.E.2d 163. On September 15, 2008 the trial court issued an amended sentencing entry that conforms to the Baker
requirements. As such, the amended sentencing entry constitutes a final appealable order and this court may entertain the merits of the present appeal.
 {¶ 7} Talbott's appointed appellate counsel filed a no-merit brief in this case and requested to withdraw, in accordance with Anders v.California (1967) 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 andState v. Toney (1970), 23 Ohio App.2d 203, 52 O.O.2d 304,262 N.E.2d 419. An attorney appointed to represent an indigent criminal defendant on his first appeal as of right may seek permission to withdraw if the attorney can show that there is no merit to the appeal. See, generally,Anders, 386 U.S. 738. To support such a request, appellate counsel is required to undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support an appeal.Toney at 207. The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous. Id.
 {¶ 8} In Toney, this Court established guidelines to be followed when counsel of record determines that an indigent's appeal is frivolous:
 {¶ 9} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 10} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 {¶ 11} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and *Page 3 
then determine whether or not the appeal is wholly frivolous.
 {¶ 12} "6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.
 {¶ 13} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Id. at syllabus.
 {¶ 14} Counsel in this case has concluded after reviewing the record that there are no issues present to support an appeal.
 {¶ 15} This Court must now review the proceedings and determine whether it agrees that an appeal would be wholly frivolous.
 {¶ 16} Normally, when a criminal defendant pleads guilty, our review is limited to an examination of the plea and the sentencing. A defendant who pleads guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." State v. Spates, 64 Ohio St.3d 269, 272,1992-Ohio-130, 595 N.E.2d 35.
 {¶ 17} However, in this case, we may also review the bindover proceedings from juvenile court, as it is a jurisdictional issue which is not waived by the guilty plea. See State v. Pruitt, 11th Dist. No. 2001-T-0121, 2002-Ohio-7164, at ¶ 28.
 {¶ 18} Talbott's bindover was proper under R.C. 2152.12(A)(1)(b), which states:
 {¶ 19} "After a complaint has been filed alleging that a child is a delinquent child by reason of committing a category two offense, the juvenile court at a hearing shall transfer the case if section 2152.10
of the Revised Code requires the mandatory transfer of the case and there is probable cause to believe that the child committed the act charged."
 {¶ 20} Pursuant to R.C. 2152.02(CC)(1), a "category two offense" includes: a violation of R.C. 2911.01, which is the aggravated robbery statute.
 {¶ 21} R.C. 2152.10 states, in pertinent part:
 {¶ 22} "(A) A child who is alleged to be a delinquent child is eligible for mandatory transfer and shall be transferred as provided in section 2152.12 of the Revised Code in *Page 4 
any of the following circumstances:
 {¶ 23} "(2) The child is charged with a category two offense, other than a violation of section 2905.01 of the Revised Code, the child was sixteen years of age or older at the time of the commission of the act charged, and either or both of the following apply:
 {¶ 24} "(a) * * *
 {¶ 25} "(b) The child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged."
 {¶ 26} Here, Talbott was charged with aggravated robbery, a category two offense. The juvenile court complaint also charged Talbott with a firearm specification which alleged that he "had a firearm on or about his person or under his control while committing the offense and displayed the firearm, brandished the firearm and * * * possessed the firearm or used it to facilitate the offense of aggravated robbery." Talbott was seventeen years old at the time the offenses were committed. Thus, Talbott was eligible for a mandatory transfer pursuant to R.C. 2152.10(A)(2)(b).
 {¶ 27} Further, in an agreed judgment entry signed by Talbott, his attorney, the judge and the prosecutor, Talbott knowingly and voluntarily agreed to waive the probable cause hearing. He thereby stipulated there was probable cause to support the allegations in the juvenile complaint, and agreed to be bound over to the General Division. The transfer was proper under R.C. 2152.12(A), and thus, there are no appealable issues with regards to the bindover proceeding.
 {¶ 28} With regards to his guilty plea, in a criminal case, a plea must be made "knowingly, intelligently, and voluntarily." State v.Engle (1996), 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. Failure on any of these points "renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." Id. A determination of whether a plea is knowing, intelligent, and voluntary is based upon a review of the record.State v. Spates (1992), 64 Ohio St.3d 269, 272, 1992-Ohio-130,595 N.E.2d 351. *Page 5 
 {¶ 29} To help ensure that guilty pleas are knowingly, intelligently, and voluntarily made, Crim. R. 11(C) sets forth specific procedural requirements the trial judge must adhere to when accepting a guilty plea from a defendant. They are as follows:
 {¶ 30} "(C) Pleas of guilty and no contest in felony cases.
 {¶ 31} "(1) Where in a felony case the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim. R. 44 by appointed counsel, waives this right.
 {¶ 32} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 33} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 34} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 35} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 36} Subsection (2)(c) sets forth various constitutional rights that the trial court must discuss with the defendant prior to accepting a plea. The court must explain that by entering a plea the defendant is waiving these rights. With respective to these constitutional rights, strict compliance with Crim. R. 11(C) is required. State v. Ballard
(1981), 66 Ohio St.2d 473, 477, 20 O.O.3d 397, 423 N.E.2d 115. See, generally, Boykin *Page 6 v. Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.
 {¶ 37} Subsections (2)(a)-(b) set forth various nonconstitutional rights that the trial court must also discuss with the defendant prior to accepting his plea. See State v. Root (Dec. 21, 2007), 7th Dist. No. 07MA32, at 3. However, with respect to these nonconstitutional rights, only "substantial compliance" with Crim. R. 11(C) is required. State v.Nero (1990), 56 Ohio St.3d 106, 108. "Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
 {¶ 38} In the case at hand, the transcript of the plea hearing indicates that the trial court fully complied with all portions of Crim.R 11(C). Talbott was represented by counsel, both prior to and during the hearing. The trial court explained to Talbott that by pleading guilty he would relinquish his constitutional rights to a jury trial; to have the State prove his guilt beyond a reasonable doubt; to confront adverse witnesses; and to compel the attendance of witnesses he might wish to present in his favor. The trial court also explained that Talbott could not be compelled to testify against himself at trial. Talbott indicated his complete understanding.
 {¶ 39} The trial court also fully explained to Talbott his nonconstitutional rights. The court informed Talbott of the nature of the charges against him; the maximum penalties involved; and that fact that Talbott was not eligible for probation. Further, the trial court informed Talbott that upon acceptance of his plea the court could proceed immediately to judgment and sentencing. Talbott indicated that he understood the rights he would waive by pleading guilty, and that he wished to go forward with the plea.
 {¶ 40} Because the trial court fully complied with Crim. R. 11(C), this court concludes that Talbott's guilty plea was knowingly, intelligently, and voluntarily made. As such, there are no appealable issues with regards to his plea.
 {¶ 41} The only other potential errors that could exist with respect to this appeal would concern Talbott's sentencing. As explained above, in exchange for Talbott's guilty plea, the State agreed to recommend that Talbott be sentenced to six years in prison, three for the aggravated robbery and three for the firearm specification. Following a *Page 7 
hearing, the trial court chose to deviate from that recommended sentence, instead sentencing Talbott to eight years in prison, five for the aggravated robbery and three for the firearm specification.
 {¶ 42} Deviation from the jointly recommended sentence does not necessarily constitute error. "A trial court does not err by imposing a sentence greater than `that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor." State v.Buchanan, 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d 1003, at ¶ 13, citing State v. Darmour (1987), 38 Ohio App.3d 160,529 N.E.2d 208. See also, State v. Martinez, 7th Dist. No. 03MA196, 2004-Ohio-6806
at ¶ 7-9.
 {¶ 43} In the instant case, the trial court fully forewarned Talbott about the penalties for his crimes, including the possibility that the court may deviate from the sentence recommended by the State. The following interchange took place during the plea hearing:
 {¶ 44} "THE COURT: Upon acceptance of your plea I can sentence you to a term in the penitentiary for anywhere from three to ten years and/or a fine of up to $20,000, plus court costs. I also have to sentence you to a three-year term on the firearm specification that has to be served prior to and consecutively to the sentence for the aggravated robbery. Do you understand those potential penalties?
 {¶ 45} "THE DEFENDANT: Yes, sir.
 {¶ 46} "THE COURT: So you could get as much as 13 years, as little as 3 years — I'm sorry, as little as 6 years; 3 years on the firearm spec. Do you understand that?
 {¶ 47} "THE DEFENDANT: Yes, sir.
 {¶ 48} "THE COURT: The state is recommending the minimum sentence, and that's what your lawyer has negotiated for you. The court will consider that sentence at the appropriate time, but that would be once a presentence report is done. This is not a probationable offense. Do you understand that?
 {¶ 49} "THE DEFENDANT: Yes, sir. *Page 8 
 {¶ 50} "* * *
 {¶ 51} "THE COURT: Do you understand that your sentence is entirely up to me, regardless of what anyone may recommend?
 {¶ 52} "THE DEFENDANT: Yes, sir."
 {¶ 53} Thus, based on the above, no error was committed when the trial court deviated from the State's recommended sentence.
 {¶ 54} Further the actual sentence chosen by the trial court was proper. In State v. Kalish, (Oct. 2, 2008), 2008-Ohio-4912, a plurality the Ohio Supreme Court set forth a two-step approach that appellate courts must follow when reviewing sentencing decisions:
 {¶ 55} "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard."
 {¶ 56} In the case at hand, the trial court's decision was not clearly and convincingly contrary to law. The trial court expressly stated that it considered the purposes and principles of R.C. 2929.11, and the factors listed in R.C. 2929.12. Moreover, the eight year prison sentence fell within the permissible statutory range. The range for the aggravated robbery count, a first degree felony, was from three to ten years imprisonment. R.C. 2929.14(A)(1). The firearm specification carried a mandatory three year sentence. R.C. 2929.14(D)(1)(a)(ii). The court also properly applied post-release control pursuant to R.C. 2967.28(B)(1).
 {¶ 57} Further, the sentence was not an abuse of discretion. "An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable."State v. Adams (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169,404 N.E.2d 144.
 {¶ 58} As we explained in State v. Moore, 7th Dist. No. 06-MA-60,2007-Ohio-1574, at ¶ 9, following the Ohio Supreme Court's decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470,
 {¶ 59} "a sentencing court has discretion to consider any factors it finds relevant. *Page 9 
See R.C. 2929.11 (setting forth the overriding purposes of felony sentencing); R.C. 2929.12 (listing the factors to consider in felony sentencing and allowing the court to consider any other factor the court finds relevant). See, also, Foster at ¶ 42, 102, 105 (stating that courts now have full discretion to impose a prison term within the basic ranges and noting that there is no judicial fact-finding in applying the general guidance statutes). * * * However, it is error and a violation of Foster to expressly cite and rely upon a statutory provision which was specifically found to be unconstitutional by the Ohio Supreme Court."
 {¶ 60} In the case at bar, during the sentencing hearing the trial court explained that it chose an eight year sentence based on the seriousness of the crime; the fact that the victims suffered harm; and the fact that Talbott had a history of juvenile delinquency adjudications, therefore making recidivism more likely. This sentence was reasonable and therefore not an abuse of discretion.
 {¶ 61} Further, a review of the sentencing transcript reveals that the court did not utilize any of the sentencing provisions held to be unconstitutional by the Ohio Supreme Court in Foster, supra. Accordingly, any assignments of error relating to Talbott's sentencing would also be wholly frivolous.
 {¶ 62} Based on the foregoing, counsel's motion to withdraw is granted and the judgment of the trial court is affirmed.
Vukovich, J., Waite, J., concurs. *Page 1