[Cite as *State v. Talbott*, 2013-Ohio-534.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| V. | ) | CASE NO. 12-MA-71 |
| | ) | |
| AIRIK TALBOTT, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 07CR1002

JUDGMENT: Affirmed

APPEARANCES:
For Plaintiff-Appellee

Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 W. Boardman St., 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant

Airik Talbott, Pro-se
#541-251
Trumbull Correctional Inst.
P.O. Box 901
5701 Burnett Road
Leavittsburg, Ohio 44430

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: February 12, 2013

DONOFRIO, J.

{¶1} Defendant-appellant, Airik Talbott, appeals from a Mahoning County Common Pleas Court judgment overruling his pro se "motion for strict compliance" and "determination of jurisdiction."

{¶2} On September 13, 2007, after being bound over from the juvenile division, appellant was indicted by a Mahoning County Grand Jury on one count of aggravated robbery, a first-degree felony in violation of R.C. 2911.01(A)(1)(C), with a firearm specification, in violation of R.C. 2941.145(A). Appellant pleaded guilty to the charges. In exchange, plaintiff-appellee, the State of Ohio, agreed to recommend that appellant receive the minimum prison sentence for his crimes, that being three years for aggravated robbery and three years for the firearm specification for a total of six years.

{¶3} The trial court sentenced appellant to five years in prison for aggravated robbery and three years for the firearm specification, for a total of eight years. The court entered a judgment of sentence on December 14, 2007. Appellant filed a notice of appeal from that judgment.

{¶4} On September 5, 2008, this court issued a limited remand to the trial court, because the sentencing entry did not comport with the requirements set forth in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. On September 15, 2008, the trial court issued an amended sentencing entry that conformed with *Baker*.

{¶5} Because appellant's counsel in his direct appeal filed a no-merit brief pursuant to *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (1970), this court independently reviewed appellant's bindover proceedings, his guilty plea, and his sentence. *State v. Talbott*, 7th Dist. No. 07-MA-225, 2008-Ohio-6300. We subsequently affirmed appellant's conviction.

{¶6} On March 15, 2012, appellant, acting pro se, filed a "motion for strict compliance" and "determination of jurisdiction." In the motion, appellant asked the trial court to comply with *Baker*, 119 Ohio St.3d 197, regarding its December 14, 2007 judgment entry of sentence and to determine whether the trial court actually

had jurisdiction in this case because allegedly the indictment was faulty for failing to include a time stamp.  The trial court overruled appellant's motion.

{¶7}    Appellant filed a timely notice of appeal on April 9, 2012.

{¶8}    Appellant, still acting pro se, raises two assignments of error, the first of which states:

> WHETHER THE FAILURE TO INDICATE THE PLEA, THE METHOD, AND THE TIME STAMP ON THE TRIAL COURT'S JOURNAL ENTRY OF SENTENCING VIOLATES DUE PROCESS AND OFFENDS THE MANDATORY PROVISIONS OF: CRIM.R. 32(C).

{¶9}    Appellant argues that the December 14, 2007 judgment entry of sentence is void because it does not include the method by which he was convicted in accordance with *Baker*, 119 Ohio St.3d 197.  And he argues that the court's September 15, 2008 amended judgment entry of sentence is void because it does not include a time stamp.

{¶10} In *Baker*, 119 Ohio St.3d at the syllabus, the Ohio Supreme Court held that a judgment entry of conviction must contain (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the judge's signature; and (4) a journal entry by the clerk of courts.

{¶11} This court has already ruled on this issue with respect to both the December 14, 2007 judgment entry of sentence and the September 15, 2008 amended judgment entry of sentence.  In *Talbott*, 2009-Ohio-6300, we specifically found:

> On September 5, 2008, we issued a limited remand to the trial court, because the [December 14, 2007] sentencing entry did not comport with the requirements set forth in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. On September 15, 2008 the trial court issued an amended sentencing entry that conforms to the

*Baker* requirements. As such, the amended sentencing entry constitutes a final appealable order and this court may entertain the merits of the present appeal.

**{¶12}** Thus, we already determined that the December 14, 2007 judgment entry did not comply with *Baker* and remanded the matter to the trial court. The trial court then put on the September 15, 2008 amended judgment entry, which we determined did comply with *Baker*.

**{¶13}** Accordingly, appellant's first assignment of error is without merit.

**{¶14}** Appellant's second assignment of error states:

WHETHER THE FAILURE TO PROPERLY FILE AND JOURNALIZE EACH THE INDICTMENT, (ORIGINAL) JUDGMENT ENTRY IMPOSING SENTENCE, AND THE AMENDED JUDGMENT ENTRY OF SENTENCE IMPLICATES THE TRIAL COURT'S THRESHOLD JURISDICTION (THE ACCUSATORY PHASE) RENDERED VOID THE FINDING OF GUILT (THE GUILT PHASE); AND, OFFENDED DUE PROCESS BY RENDERING THE JOURNAL ENTRY OF SENTENCE FAR LESS THAN A FINAL APPEALABLE ORDER AS DEFINED IN: CRIM.R. 32(C).

**{¶15}** Here appellant argues that his indictment was not properly filed and journalized because it was not time stamped. Therefore, he contends that the trial court never acquired jurisdiction over his case.

**{¶16}** Subject-matter jurisdiction involves a court's power to hear a case, and as such the issue can never be waived and may be raised at any time. *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶10. Thus, a guilty plea does not waive a subject-matter jurisdiction challenge. However, a guilty plea does waive a challenge to personal jurisdiction. *Id.*

**{¶17}** R.C. 2931.03 provides the courts of common pleas with "original

jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." R.C. 2931.03 "plainly vests the court of common pleas with jurisdiction over serious criminal cases." *State v. Stafford*, 7th Dist. No. 265, 2002-Ohio-5243, ¶77. A validly filed indictment invokes subject-matter of the common pleas court pursuant to R.C. 2931.03. See *State v. Cubic*, 9th Dist. No. 10CA0082-M, 2011-Ohio-4990, ¶13; *State v. Turner*, 3d Dist. No. 1-11-01, 2011-Ohio-4348, ¶21.

**{¶18}** This case involved a felony. The common pleas court has subject-matter jurisdiction over felonies.

**{¶19}** Appellant contends that the indictment was never properly filed because it was not time-stamped. Yet even the copy of the indictment attached to appellant's brief contains the time-stamp of September 13, 2007. And the indictment is also reflected as being filed on the court's docket on that date. Thus, the indictment was properly filed. Likewise, the subject-matter jurisdiction of the trial court was properly invoked.

**{¶20}** Any other challenges appellant may raise as to jurisdiction are barred by his guilty plea.

**{¶21}** Accordingly, appellant's second assignment of error is without merit.

**{¶22}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, J., concurs.

Waite, .J., concurs.