[Cite as *State v. Hopkins*, 2018-Ohio-1340.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 17 BE 0017 |
| V. | ) | |
| | ) | OPINION |
| SANTINO TOMAS RAPHAEL-HOPKINS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Court of Common
Pleas of Belmont County, Ohio
Case No. 16 CR 221

JUDGMENT:                                      Motion to Withdraw Granted.
New Counsel to be appointed.

APPEARANCES:

For Plaintiff-Appellee                        Attorney J. Flanagan
Courthouse Annex 1
147-A West Main Street
St. Clairsville, Ohio  43950
No Brief Filed.

For Defendant-Appellant                   Attorney John M. Jurco
P.O. Box 783
St. Clairsville, Ohio 43950

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated:  April 5, 2018

DONOFRIO, J.

{¶1} Defendant-appellant, Santino Tomas Raphael-Hopkins, appeals from a Belmont County Common Pleas Court judgment convicting him of trafficking in drugs, attempted possession of drugs, and possession of drugs following his guilty plea.

{¶2} On or about August 2, 2016, appellant was operating a motor vehicle in Belmont County, Ohio. Two deputies from the Belmont County Sheriff's Department initiated a traffic stop of appellant for failing to use a turn signal. Upon approaching appellant's vehicle, the deputies smelled what they believed was burning marijuana. The deputies requested appellant's driver's license, registration, and proof of insurance. Appellant could not produce his license or proof of insurance. Appellant claimed that the car he was operating was a rental car but he could not produce the rental agreement.

{¶3} Appellant was then removed from the car and frisked for weapons. While the frisk revealed no weapons, the deputy who frisked appellant noticed a large object in one of appellant's pockets which he believed to be a large amount of cash. The deputy also felt a hard object in another one of appellant's pockets. After the frisk, appellant confessed that the hard object was something "bad." When the deputy asked what something "bad" meant, appellant admitted that the hard object contained drugs.

{¶4} The deputies then searched the car and appellant. The search yielded several bags of crack/cocaine or heroin in various amounts. The deputies also found that appellant had $2,445.00 in cash on him. Appellant was then arrested and indicted in the Belmont County Court of Common Pleas on several counts. Those counts were:

Court 1 for trafficking in drugs in violation of R.C.2925.03(A)(1)(C)(4)(a), a felony of the fifth degree;
Count 2 for trafficking in drugs in violation of R.C.2925.03(A)(1)(C)(6)(a), a felony of the fifth degree;
Count 3 for trafficking in drugs in violation of R.C.2925.03(A)(1)(C)(1)(a), a felony of the fourth degree;

Count 4 for possession of drugs in violation of R.C.2925.11(A)(C)(6)(d),
a felony of the second degree;

Count 5 for trafficking in drugs in violation of R.C.2925.03(A)(2)(C)(6)(e),
a felony of the second degree;

Count 6 for possession of drugs in violation of R.C.2925.11(A)(C)(4)(c),
a felony of the third degree; and

Count 7 for trafficking in drugs in violation of R.C.2925.03(A)(2)(C)(4)(d),
a felony of the third degree.

**{¶5}** Appellant also faced a forfeiture specification on each count pursuant to R.C. 2941.1417 in the amount of $2,445.00.

**{¶6}** Appellant filed a motion to suppress all evidence on the basis that there was insufficient reasonable suspicion to initiate the traffic stop. But on the date of the suppression hearing, appellant withdrew his motion to suppress and accepted a plea agreement from the plaintiff-appellee, the State of Ohio. Pursuant to the plea agreement, the state dismissed Counts 2, 3, 5, and 7. The state also amended Count 4 to attempted possession of drugs, a felony of the third degree. Appellant entered a guilty plea to Count 1, amended Count 4, and Count 6. The trial court accepted the plea agreement, ordered a pre-sentence investigation, and scheduled a sentencing hearing.

**{¶7}** At the sentencing hearing, the trial court sentenced appellant to ten months of incarceration on Count 1, thirty months of incarceration on Count 4, and thirty months of incarceration on Count 6. The trial court ordered that these sentences were to be served consecutively for a total of 70 months. The trial court also ordered appellant to be under post-release control for a period of three years after appellant's release from prison. Finally, the trial court ordered that appellant would forfeit the $2,445.00.

**{¶8}** Appellant's sentence was memorialized in a judgment entry dated January 17, 2017. Appellant filed with this Court what was construed to be a motion for a delayed appeal on March 17, 2017. In a judgment entry dated April 4, 2017, this

Court granted appellant's motion for a delayed appeal.

{¶9} Appellant's counsel has filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In this district, a no-merit brief is also referred to as a *Toney* brief. *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist. 1970).

{¶10} In *Toney*, this Court set out the procedure to be used when appointed counsel finds that an indigent criminal defendant's appeal is frivolous. The procedure set out in *Toney*, at the syllabus, is as follows:

> 3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
>
> 4. Court appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
>
> 5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
>
> * * *
>
> 7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Toney* 23 Ohio App.2d 203 at syllabus.

**{¶11}** After appellant's counsel filed a no-merit brief, this Court afforded appellant 30 days to file a pro se brief listing any potential claims of error in a judgment entry dated July 31, 2017. In a judgment entry dated September 8, 2017, this Court afforded appellant an additional 30 days to file his pro se brief or to find new counsel to prosecute this appeal. Appellant failed to take any action.

**{¶12}** While appellant's counsel did not assert any proposed or potential assignments of error, appellant's counsel appears to address the validity of appellant's sentence. (Brief of Appellant, 8-9). When an appellant pleads guilty, a *Toney* review is limited to the validity of the plea and the sentence. See *State v. Talbott*, 7th Dist. No. 07 MA 225, 2008-Ohio-6300, ¶ 16.

**{¶13}** Analyzing appellant's plea, pursuant to CrimR. 11(C)(2)(c), the court has the duty of: "Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." These are constitutional rights and strict compliance is required. *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 15. Nevertheless, the failure to recite the exact language of the rule will not invalidate a plea agreement if the record demonstrates the court actually explained each constitutional right in a reasonably intelligible manner. *Id.* at ¶ 15, 20.

**{¶14}** The trial court advised appellant that by pleading guilty, he was waiving his: right to a speedy and public trial, the right to confront witnesses against him, the right to compulsory service of witnesses in his favor, the right to have the state prove his guilt beyond a reasonable doubt, his right against self-incrimination, the right to appeal, and the right to his assistance of counsel. (Change of Plea Tr. 5-6). But the trial court did not inform appellant that he would be waiving his right to a jury trial.

**{¶15}** While waiving the right to a jury trial was addressed in appellant's written guilty plea dated December 6, 2016 and the trial court referenced the written

guilty plea during the change of plea hearing, (Change of Plea Tr. 6), this does not appear to be strict compliance. The trial court has the duty to impart knowledge of these rights. "[T]he court cannot simply rely on other sources to convey these rights to the defendant." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 29. The trial court cannot rely on written pleas to convey the Crim.R. 11(C)(2)(c) rights being waived by pleading guilty. See *State v. Strebler*, 7th Dist. No. 08 MA 108, 2009-Ohio-1200, ¶ 36-37. The trial court's failure to inform a defendant of all five Crim.R. 11(C)(2)(c) rights being waived at the change of plea hearing is reversible error. See *State v. Dosch*, 7th Dist. No. 08 MA 63, 2009-Ohio-6534.

**{¶16}** For the reasons stated above, counsel's motion to withdraw is granted. New Counsel shall be appointed by this Court to file a brief in this matter. The State will then have 30 days in which to respond.

Waite, J., concurs.

Robb, P., J., concurs.