**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Martin v. McCormick,* Slip Opinion No. 2025-Ohio-4398.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-4398

THE STATE EX REL. MARTIN, APPELLANT, *v.* MCCORMICK, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Martin v. McCormick,* "Slip Opinion No." 2025-Ohio-4398.]**

*Procedendo—Account statement filed by inmate along with writ petition does not bear any indication that it was certified or approved by institutional cashier, as required by R.C. 2969.25(C)(1)—Court of appeals' judgment granting judge's motion to dismiss petition for failure to comply with R.C. 2969.25(C) affirmed.*

(No. 2024-1739—Submitted May 13, 2025—Decided September 23, 2025.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 114409, 2024-Ohio-6187.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Tramaine E. Martin, an inmate at Noble Correctional Institution, appeals the judgment of the Eighth District Court of Appeals granting appellee Judge Timothy P. McCormick's motion for summary judgment and dismissing Martin's petition for a writ of procedendo because the petition did not strictly comply with R.C. 2969.25(C). Because strict compliance is required, we affirm the Eighth District's judgment.

## I. FACTS AND PROCEDURAL HISTORY

### A. Martin's Petition and Judge McCormick's Motion for Summary Judgment

{¶ 2} In September 2024, Martin filed a petition for a writ of procedendo in the Eighth District against Judge McCormick. According to the petition, Martin had filed in his criminal case before Judge McCormick a motion to correct his sentence and a petition for postconviction relief. Evidence filed by Judge McCormick below in support of his motion for summary judgment indicates that Martin's petition was a successive petition for postconviction relief. According to Martin, Judge McCormick denied the motion but did not rule on the petition for postconviction relief. Martin asserts that he appealed the denial of the motion to the Eighth District.

{¶ 3} In his petition for a writ of procedendo, Martin requested an order to compel Judge McCormick to rule on his pending petition for postconviction relief. Martin argued that Judge McCormick had a duty under Sup.R. 40(A) to rule on his petition within 120 days. Martin asserted that he lacked an adequate remedy in the ordinary course of the law because no final, appealable order had been issued.

{¶ 4} Martin also requested a waiver of prepayment of filing fees. He submitted an affidavit of indigency and a statement of his inmate account, listing transactions for a six-month period prior to the filing of his petition. However, the statement was not certified by the institutional cashier.

{¶ 5} Judge McCormick filed a motion for summary judgment in October 2024. In addition to other arguments, Judge McCormick argued that Martin's petition for a writ of procedendo should be dismissed for its failure to comply with R.C. 2969.25(A), which requires that an inmate commencing an action against a government entity or employee in the court of appeals file an affidavit of prior civil actions, and R.C. 2969.25(C), which requires that such an inmate who seeks to waive prepayment of a court of appeals' filing fees submit with the court an affidavit of indigency containing a statement that sets forth the balance of the inmate's institutional account for each of the preceding six months, as certified by the institutional cashier.

{¶ 6} In Martin's response to Judge McCormick's motion for summary judgment, Martin contended that the judge's arguments that his petition failed to comply with R.C. 2969.25(A) and (C) were affirmative defenses that the judge could not raise for the first time in a motion for summary judgment. He also argued that a printed six-month balance statement of an inmate's account "has been the accepted practice for compliance with" R.C. 2969.25(C).

### B. Judgment and Appeal

{¶ 7} In November 2024, the Eighth District granted Judge McCormick's motion for summary judgment because Martin's petition failed to satisfy the mandatory requirements of R.C. 2969.25(C).

{¶ 8} Martin has appealed to this court as of right, and the case is now fully briefed and ripe for decision. Additionally, Martin has filed a supplement to his brief.

## II. ANALYSIS

### A. Martin's Supplement

{¶ 9} The supplement that Martin filed with his brief contains court records from his criminal case and Department of Rehabilitation and Correction forms. Because this is a direct appeal, we are generally limited to the record that was before

the Eighth District. *See Morgan v. Eads*, 2004-Ohio-6110, ¶ 13 ("a bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial"). "A reviewing court generally may not add matter to the record before it and then decide the appeal on the basis of the new matter." *State ex rel. Harris v. Turner*, 2020-Ohio-2901, ¶ 16. The materials submitted were not presented to the Eighth District. Therefore, we confine our review to the record in the case and do not consider the supplement that Martin filed with his brief.

### B. Martin Did Not Strictly Comply with R.C. 2969.25(C)

{¶ 10} We review de novo a court of appeals' grant of summary judgment. *State ex rel. Whittaker v. Lucas Cty. Prosecutor's Office*, 2021-Ohio-1241, ¶ 8. R.C. 2969.25(C) requires an inmate requesting a waiver of the court of appeals' filing fee in a civil action against a government entity or employee to submit an affidavit of indigency that contains a statement of the balance in the inmate's institutional account for each of the preceding six months, as certified by the institutional cashier. R.C. 2969.25(C)(1). An inmate must strictly comply with R.C. 2969.25(C). *See State ex rel. Townsend v. Gaul*, 2024-Ohio-1128, ¶ 8. Substantial compliance is not sufficient. *State ex rel. Roden v. Dept. of Rehab. & Corr.*, 2020-Ohio-408, ¶ 8.

{¶ 11} Martin argues that Judge McCormick's argument that Martin failed to comply with R.C. 2969.25(C) is an affirmative defense that the judge waived by failing to assert it in a responsive pleading. That is incorrect. In *State ex rel. Parker Bey v. Bur. of Sentence Computation*, we held that an argument that an inmate failed to comply with the affidavit requirement of R.C. 2969.25(A) is not an affirmative defense. 2022-Ohio-236, ¶ 18. An affirmative defense assumes the establishment of a prima facie case. *Id*. But in a civil action brought by an inmate-plaintiff against a public employee or entity, compliance with R.C. 2969.25(A) is an essential component of commencing the action. *Id*. at ¶ 19. By the same logic, noncompliance with the affidavit requirements of R.C. 2969.25(C) is also not an

affirmative defense. Therefore, Martin's argument that Judge McCormick waived his reliance on R.C. 2969.25(C) is not well-taken.

{¶ 12} Martin next argues that under the proper interpretation of R.C. 2969.25(C), he has strictly complied with the statute. Citing *Roden*, Martin contends (1) that for purposes of R.C. 2969.25(C), "certified" "mean[s] a statement of inmate account" and (2) that the provision does not require the inmate account to be signed by the institutional cashier. Martin contends that the account statement that he filed itself certifies or verifies the amounts listed in the statement. In response, Judge McCormick argues that it is clear under Ohio law that an inmate's account statement under R.C. 2969.25(C)(1) must be certified by the institutional cashier.

{¶ 13} We did not consider in *Roden* the meaning of the word "certified" for purposes of R.C. 2969.25(C), nor did we conclude that the statement of inmate account submitted in that case was sufficient. 2020-Ohio-408 at ¶ 6, 8-9. Instead, we affirmed the court of appeals' dismissal of the complaint in that case for its failure to comply with R.C. 2969.25(C). *Id*. at ¶ 8-9.

{¶ 14} We have previously concluded that an inmate's account statement showing the balance of the account for six months was not sufficient to comply with R.C. 2969.25(C)(1), because it was not certified by the institutional cashier. *Grinnell v. Cool*, 2023-Ohio-3672, ¶ 6-7. In his reply brief, Martin argues that our prior decisions noting that R.C. 2969.25(C)(1) requires that an inmate's account statement be signed by the institutional cashier effectively rewrote the statute. However, R.C. 2969.25(C)(1) requires that the statement be "certified by the institutional cashier," and the document that Martin submitted does not bear any indication that it has been certified or approved in any way by the institutional cashier. Therefore, Martin failed to strictly comply with R.C. 2969.25(C).

### III. CONCLUSION

**{¶ 15}** Because Martin failed to strictly comply with R.C. 2969.25(C), we affirm the Eighth District's judgment granting Judge McCormick's motion for summary judgment.

Judgment affirmed.

_____

Tramaine E. Martin, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____