[Cite as *State ex rel. Winn v. Krivosh*, 2026-Ohio-566.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

IN RE STATE EX REL. ANTOINE     :
WINN,

                        :

      Relator,                      No. 115888

                        :

      v.                          

                        :

JUDGE KIRA KRIVOSH,

                        :

      Respondent.

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** February 13, 2026

---

Writ of Prohibition
Motion No. 591221
Order No. 592258

---

### *Appearances:*

Antoine Winn, *pro se*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Craig A. McClelland, Assistant Prosecuting Attorney, *for respondent*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Relator Antoine Winn, pro se, has filed a complaint seeking a writ of prohibition to prevent respondent Judge Kira Krivosh from "exercising any future

jurisdiction over matters to criminal charges" in three underlying criminal cases —
*State v. Winn*, Cuyahoga C.P. Nos. CR-24-689774-A ("689774"), CR-24-690745-A
("690745"), and CR-692234-A ("692234") (collectively, the "underlying cases") —
alleging that the trial court patently and unambiguously lacks personal jurisdiction
over him. Respondent has filed a motion to dismiss Winn's complaint pursuant to
Civ.R. 12(B)(6) for failure to state a claim for which relief can be granted.

{¶ 2} Because, for the reasons that follow, it appears beyond doubt that
Winn cannot prevail on his prohibition claim, we grant respondent's motion to
dismiss Winn's complaint.

## I. Factual and Procedural Background[1]

{¶ 3} In 689774, a Cuyahoga County Grand Jury indicted Winn on charges
of aggravated arson on March 12, 2024. The charges related to an incident that
occurred in Cuyahoga County on or about October 27, 2023. An arraignment was
held on March 18, 2024. In 690745, a Cuyahoga County Grand Jury indicted Winn
on charges of trafficking in cocaine, aggravated trafficking in drugs, possession of

---

[1] The procedural background includes information from our review of the publicly
available, online dockets in the underlying cases. *See State ex rel. Fischer Asset Mgmt.,
LLC v. Scott*, 2023-Ohio-3891, ¶ 3, fn. 1 (8th Dist.) (observing, in original action, that "[t]his
court is permitted to take judicial notice of court filings that are readily accessible from the
internet"); *Patterson v. Cuyahoga Cty. Common Pleas Court*, 2019-Ohio-110, ¶ 2, fn. 1
(8th Dist.) (setting forth procedural history relevant to mandamus action based on review
of "publicly available dockets"), citing *Cornelison v. Russo*, 2018-Ohio-3574, ¶ 8, fn. 2
(8th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8; *see also
Manning v. Gallagher*, 2025-Ohio-2781, ¶ 2, fn. 1 (8th Dist.). Judicial notice may be taken
in writ actions without converting a motion to dismiss into a motion for summary
judgment. *Beverly v. Cuyahoga Cty. Mun. Court*, 2025-Ohio-2457, ¶ 16 (8th Dist.), citing
*State ex rel. Mobley v. O'Donnell*, 2021-Ohio-715, ¶ 9 (10th Dist.), and *State ex rel. Nelson
v. Russo*, 89 Ohio St.3d 227, 228 (2000).

cocaine, aggravated possession of drugs, trafficking in a fentanyl-related compound, possession of a fentanyl-related compound, obstructing official business, and falsification on April 1, 2024. The charges related to alleged offenses that occurred in Cuyahoga County on or about January 1, 2024. An arraignment was held on April 4, 2024. In 692234, a Cuyahoga County Grand Jury indicted Winn on charges of trafficking in a fentanyl-related compound and possession of a fentanyl-related compound on May 22, 2024. The charges related to alleged offenses that occurred in Cuyahoga County on or about March 3, 2024. An arraignment was held on May 29, 2024.

{¶ 4} In October 2025, Winn entered guilty pleas in all three cases. He pled guilty to charges of felonious assault in 689774; to aggravated trafficking in drugs, obstructing official business, and falsification in 690745; and to trafficking in a fentanyl-related compound in 692234. Winn was sentenced in November 2025. On November 25, 2025, Winn filed a notice of appeal, appealing his convictions in all three cases.

{¶ 5} On December 5, 2025, Winn filed the instant complaint seeking a writ of prohibition to prevent respondent from "exercising any future jurisdiction over matters to criminal charges of cases wherein she patently and unambiguously lacks personal jurisdiction over relator." Winn alleges that "the trial court is patently and [un]ambiguously without jurisdiction over the person of Antoine Winn" in the underlying cases because he was not "represented by counsel," not "lawfully arrested in connection with the alleged charges," and/or not "lawfully issued process" in the

underlying cases — "presenting defects in the institution of the proceedings of the prosecution." Winn further alleges that he "preserved his jurisdictional defenses by timely asserting them" in "his responsive answer of a plea to lack of jurisdiction upon arraignment," i.e., that at his arraignment in each of the cases he did not enter not guilty pleas, but, instead, made an "oral motion of special/limited appearance" raising his objections to personal jurisdiction, and that he later filed motions to dismiss on those grounds, supported by "sworn statements to facts that process had not been issued upon him in any way nor invoked by act of any lawful arrest."[2] In support of his complaint, Winn attached an appendix of documents referenced in his complaint related to his aliases, addresses, and arrests and several affidavits.

{¶ 6} On January 7, 2026, respondent filed a motion to dismiss Winn's complaint pursuant to Civ.R. 12(B)(6), arguing that Winn's complaint failed to state a claim for which relief in prohibition can be granted. Respondent contends that Winn cannot establish the requirements necessary for the issuance of a writ of prohibition because (1) respondent, "as a duly elected Judge of the Cuyahoga County Court of Common Pleas, has jurisdiction over felony cases" pursuant to

---

[2] Although Winn alleges generally that he was not "represented by counsel," he does not set forth any specific facts in his complaint to support a claim that he was denied a right to counsel or otherwise explain the basis of this allegation. In an affidavit Winn submitted in support of his complaint, Winn asserts that he "had been without the assignment of counsel to represent him at the arraignments." However, the dockets for each of the underlying cases reflect that counsel had been assigned to represent Winn at, or prior to, arraignment in each case. Review of the dockets further reveals that, for a time, Winn had elected to proceed pro se, but that Winn "elected not to proceed as self represented anymore" and that counsel was reappointed to represent him before he entered his guilty pleas.

R.C. 2931.03; (2) Winn has already filed notices of appeal in the underlying cases and is, thereby, "actively engaged in his adequate remedy in the course of the law," and (3) Winn has "waived any argument regarding personal jurisdiction."[3]

{¶ 7} In response, Winn filed a motion to deny respondent's motion to dismiss. In his motion — which we shall treat as a brief in opposition to respondent's motion to dismiss — Winn disputed respondent's claims that his allegations were insufficient to warrant issuance of a writ of prohibition, and reiterated his arguments that the trial court patently and unambiguously lacked personal jurisdiction over him based on claims that he had not been lawfully issued process; that he had not been lawfully arrested; that he had not been represented by counsel; that he did not voluntarily appear, or enter not guilty pleas, at arraignment; and of other alleged deficiencies related to initial appearance and arraignment proceedings.

## II. Law and Analysis

### A. Standard of Review – Motion to Dismiss

{¶ 8} Dismissal of a complaint seeking a writ of prohibition for failure to state a claim upon which relief can be granted is appropriate if, after presuming all factual allegations in the complaint as true and drawing all reasonable inferences in the relator's favor, it appears beyond doubt that the relator can prove no set of facts

---

[3] In her motion, respondent also argues that relator's complaint should be dismissed because it fails to set forth the necessary elements for a writ of mandamus. However, relator has not requested a writ of mandamus. Accordingly, we do not address those arguments here.

entitling the relator to the requested writ of prohibition. *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, 2025-Ohio-2927, ¶ 8; *State ex rel. Nyamusevya v. Hawkins*, 2021-Ohio-1122, ¶ 14; *State ex rel. Hemsley v. Unruh*, 2011-Ohio-226, ¶ 8. "While we must accept factual assertions as true, 'unsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss.'" *State ex rel. Gordon* at ¶ 8, quoting *State ex rel. Martre v. Reed*, 2020-Ohio-4777, ¶ 12; *see also State ex rel. Sands v. Court of Common Pleas Judge*, 2018-Ohio-4245, ¶ 8 ("'[U]nsupported conclusions of a complaint are not considered admitted and are not sufficient to withstand a motion to dismiss.'"), quoting *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994).

## B. Requirements for a Writ of Prohibition

{¶ 9} "The purpose of a writ of prohibition is to restrain inferior courts from exceeding their jurisdiction." *State ex rel. Roush v. Montgomery*, 2019-Ohio-932, ¶ 5, citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). A writ of prohibition is an "extraordinary remedy which is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies." *State ex rel. Henry v. Britt*, 67 Ohio St.2d 71, 73 (1981); *see also Gowdy v. Reali*, 2024-Ohio-6196, ¶ 2 (8th Dist.) (A writ of prohibition "should be used with great caution and not issue in a doubtful case.").

{¶ 10} To obtain a writ of prohibition, a relator must usually establish, by clear and convincing evidence (1) the exercise of judicial power, (2) the exercise of

that power is unauthorized by law, and (3) denial of the writ would result in an injury for which no adequate remedy exists in the ordinary course of the law. *See, e.g., State ex rel. Taylor v. Miday*, 2024-Ohio-6203, ¶ 17 (8th Dist.), citing *State ex rel. Edward Smith Corp. v. Marsh*, 2024-Ohio-201, ¶ 6.

{¶ 11} In most cases, prohibition provides a preventative rather than a corrective remedy, i.e., the relator only seeks to prevent an anticipated judicial action. *State ex rel. Taylor* at ¶ 18. Where a relator seeks a writ of prohibition to correct a past action, the relator must demonstrate that the respondent "patently and unambiguously lacked jurisdiction" to take the action of which the relator complains. *Id.* Where a court patently and unambiguously lacks jurisdiction to act, "the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition," and the relator need not establish that element. *Id.*; *see also State ex rel. Davic v. Franklin Cty. Court of Common Pleas*, 2023-Ohio-4569, ¶ 13 ("If jurisdiction was patently and unambiguously lacking, a writ of prohibition will issue to correct a judgment issued by a court that lacked jurisdiction."). "In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal." *State ex rel. Nalls v. Russo*, 2002-Ohio-4907, ¶ 18.

{¶ 12} Winn does not dispute that he has an adequate remedy at law by appeal. He contends that he is, nevertheless, entitled to a writ of prohibition because the trial court patently and unambiguously lacks personal jurisdiction over him.

{¶ 13} We disagree. Presuming the truth of the factual allegations of Winn's complaint and drawing all reasonable inferences in his favor, it appears beyond doubt that Winn can prove no set of facts entitling him to the relief requested.

{¶ 14} In his complaint, Winn states that he seeks a writ of prohibition "to prevent [respondent] from usurpation of jurisdiction" in the underlying cases and "from exercising any future jurisdiction over matters to criminal charges of cases wherein she patently and unambiguously lacks personal jurisdiction over relator." The complaint does not identify any particular judicial act or power respondent was about to exercise that Winn seeks to prevent. As stated above, Winn had appealed his convictions in each of the underlying cases at that time he filed his complaint; that appeal remains pending. However, even if we were to construe Winn's complaint as seeking a corrective remedy, it would not change the result here.

{¶ 15} The issuance of a writ of prohibition for lack of personal jurisdiction is "extremely rare." *Seelbaugh v. Montgomery Cty. Court of Common Pleas*, 2025-Ohio-5297, ¶ 16, citing *LG Chem, Ltd. v. Goulding*, 2022-Ohio-2065, ¶ 9. "It should be premised upon a complete failure to comply with the minimum-contacts requirement of constitutional due process." *State ex rel. Hero Homes JV2, LLC v. Scott*, 2025-Ohio-3153, ¶ 18 (8th Dist.); *Garg v. Scott*, 2024-Ohio-1595, ¶ 26 (8th Dist.); *see also Jc Sanders v. Summit Cty. Court of Common Pleas*, 2023-Ohio-3613, ¶ 9 (9th Dist.) (complaint seeking writ of prohibition to dismiss pending criminal case dismissed pursuant to Civ.R. 12(B)(6), noting that "[a] lack of personal jurisdiction falls outside the scope of a writ of prohibition, which 'tests and

determines solely and only the subject matter jurisdiction' of the lower court"), quoting *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409 (1988).

{¶ 16} "Personal jurisdiction refers to the court's power to render a valid judgment against a particular individual." *State v. Henderson*, 2020-Ohio-4784, ¶ 36. "In a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge." *Id.*, citing *Tari v. State*, 117 Ohio St. 481, 490 (1927); *accord State v. Jeffries*, 2023-Ohio-4657, ¶ 4 (8th Dist.) ("In a criminal case, the court secures jurisdiction over the person by the lawful process of arrest and arraignment of the defendant and his plea to the charge."). A defendant also submits to the court's jurisdiction if he does not object to the court's exercise of jurisdiction over him. *Henderson* at ¶ 36.

{¶ 17} There is no dispute that the trial court had subject-matter jurisdiction over the underlying cases. *See State ex rel. Martre v. Reed*, 2025-Ohio-4542, ¶ 14, citing *Smith v. Sheldon*, 2019-Ohio-1677, ¶ 8 ("a common pleas court has subject-matter jurisdiction over felony cases"); R.C. 2931.03. Unlike a court's subject-matter jurisdiction — which Winn does not challenge here — personal jurisdiction can be waived.

{¶ 18} Winn was arrested, indicted, and arraigned in each of the underlying cases. In October 2025, Winn entered guilty pleas to charges in each case. He was thereafter sentenced and appealed his convictions. Although Winn had filed various pro se motions challenging the court's personal jurisdiction over him (among other

things) during the course of the proceedings, those motions were withdrawn at or around the time Winn entered his guilty pleas. Winn waived any challenge to personal jurisdiction and voluntarily subjected himself to the authority of the court by entering his guilty pleas. *See, e.g., State v. Talbott*, 2013-Ohio-534, ¶ 16 (7th Dist.) ("[A] guilty plea does waive a challenge to personal jurisdiction."); *accord State v. Reed*, 2022-Ohio-3461, ¶ 17 (2d Dist.) (noting that trial court had personal jurisdiction over defendant where defendant voluntarily subjected himself to the authority of the court and entered a guilty plea); *State v. Jensen*, 2020-Ohio-1411, ¶ 22 (5th Dist.) (where defendant entered a guilty plea to the charges in the indictment, he "waived any error committed by the trial court, with the exception of subject matter jurisdiction"); *State v. Patterson*, 2004-Ohio-1569, ¶ 13 (5th Dist.) ("A plea of guilty operates as a waiver of all rights except those that go to the subject matter jurisdiction of the trial court."); *cf. State v. Marbuery-Davis*, 2024-Ohio-586, ¶ 3, 8-9 (8th Dist.) (where after defendant filed a motion to dismiss for lack of jurisdiction, he appeared in court and pleaded not guilty to the indictment, defendant waived any objection to the court's personal jurisdiction over him). Winn makes no mention of his guilty pleas in his complaint or in his motion to deny respondent's motion to dismiss.

{¶ 19} Accordingly, prohibition is not an appropriate remedy here. We, therefore, grant respondent's motion to dismiss relator's complaint pursuant to Civ.R. 12(B)(6).

{¶ 20} Further, Winn's complaint is subject to dismissal based on his failure to fully comply with R.C. 2969.25(C)(1). Winn is incarcerated. When an inmate files a civil action against a government entity or employee in the court of appeals and seeks a waiver of the prepayment of the court of appeals' filing fees, as Winn has done here, R.C. 2969.25(C)(1) requires that the inmate submit an affidavit that contains "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier." An inmate must strictly comply with R.C. 2969.25(C). *State ex rel. Martin v. McCormick*, 2025-Ohio-4398, ¶ 10, citing *State ex rel. Townsend v. Gaul*, 2024-Ohio-1128, ¶ 8. Noncompliance with R.C. 2969.25(C) cannot be cured by amendment after a complaint is filed. *State ex rel. Robinson v. Page*, 2025-Ohio-623, ¶ 8.

{¶ 21} Winn's affidavit of indigency does not comply with R.C. 2969.25(C)(1) because it does not contain a certification from the institutional cashier and does not cover the six-month period preceding the filing of Winn's complaint. Although Winn attached an "Inmate Account ledger" to his affidavit that he asserts "reflect[s] [the] last (6) six months to [sic] inmate account transactions" and "avers that it is a true and cor[r]ect representation of inmate account balance transactions provided by cashier," the document does not bear any indication that it has been certified by the institutional cashier. Further, Winn filed his complaint on December 5, 2025, but the ledger he filed covers the period July 21, 2024, through March 5, 2025. As such, Winn has failed to strictly comply with R.C.

2969.25(C)(1), and his complaint is properly dismissed. *See, e.g., State ex rel. Martin* at ¶ 14, citing *Grinnell v. Cool,* 2023-Ohio-3672, ¶ 6-7 (inmate's account statement showing balance of the account for six months was not sufficient to comply with R.C. 2969.25(C)(1) because it was not certified by the institutional cashier); *State ex rel. Martre v. N. Cent. Corr. Complex,* 2026-Ohio-162, ¶ 3, 6-11 (court of appeals may dismiss a complaint sua sponte for noncompliance with R.C. 2969.25(C)(1) "'because the requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal'"), quoting *State ex rel. Young v. Clipper*, 2015-Ohio-1351, ¶ 8.

{¶ 22} Costs assessed against relator; costs waived. The clerk is directed to serve on all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 23} Complaint dismissed.

_____
MICHAEL JOHN RYAN, JUDGE

EILEEN T. GALLAGHER, P.J., and
DEENA R. CALABRESE, J., CONCUR