[Cite as *U.S. Specialty Ins. Co. v. Hoffman*, 2020-Ohio-4114.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| U.S. Specialty Insurance Company et al., | : | |
| Plaintiffs-Appellants, | : | |
| v. | : | Nos. 19AP-189 |
| | | and 19AP-855 |
| Eric J. Hoffman, | : | (C.P.C. No. 17CV-592) |
| Defendant-Appellee,<br>Third-Party Plaintiff, | : | (REGULAR CALENDAR) |
| | : | |
| v. | : | |
| | : | |
| Martin Pope et al., | : | |
| Third-Party Defendants. | : | |
| | : | |

D E C I S I O N

Rendered on August 18, 2020

**On brief**: *Percy Squire, Co., LLC*, and *Percy Squire*, for appellants. **Argued**: *Percy Squire*.

**On brief**: *Lane Alton*, *Rick E. Marsh*, and *Eric S. Bravo*, for appellee. **Argued**: *Eric S. Bravo*.

APPEALS from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} U.S. Specialty Insurance Company, Chuck Brown, II, and Chuck Brown II Bail Bonds (collectively "U.S. Specialty"), plaintiffs-appellants, appeal from two judgments of the Franklin County Court of Common Pleas. In one judgment, the court granted the motion for summary judgment filed by Eric J. Hoffman, defendant-appellee. In the other judgment, the trial court denied U.S. Specialty's motion to vacate the trial court's granting

of summary judgment to Hoffman. Hoffman has also filed a motion to dismiss purported appellants Surety Corporation of America ("Surety"), Chuck Brown, II, and Chuck Brown II Bail Bonds.

{¶ 2}    On June 25, 2013, the Hancock County Grand Jury indicted Michael Hawrylak on several felony drug offenses. On July 3, 2013, Hawrylak was arraigned and the court set bond at $45,000 cash or surety.

{¶ 3}    On July 5, 2013, U.S. Specialty posted a surety bond.  U.S. Specialty was the bond's surety, Surety was listed as U.S. Specialty's agent, and Martin Pope was U.S. Specialty's attorney-in-fact. Hawrylak was released. Eventually, a trial date was ordered for January 27, 2014.

{¶ 4}    On January 17, 2014, a bench warrant was issued for Hawrylak's violation of bond. Hawrylak did not appear for the January 27, 2014 hearing. On the same date, the trial court forfeited Hawrylak's bond even though U.S. Specialty claims the forfeiture was based on a probation violation and the bond did not guarantee that Hawrylak would report for probation. The trial court issued a notice of declaration of forfeiture to U.S. Specialty on July 29, 2014 despite that R.C. 2937.36 requires notice of a bail forfeiture be provided to the surety within 15 days and a forfeiture hearing to be conducted within 45 to 60 days after notice.

{¶ 5}    Surety, through its counsel Hoffman, filed a motion to set aside the forfeiture and on September 18, 2014, the trial court granted the motion.

{¶ 6}    On January 26, 2015, the state filed a motion for bond forfeiture based on Hawrylak's failure to appear in court on January 27, 2014. The trial court granted the motion and found the bond was forfeited on April 8, 2015. On June 11, 2015, the trial court ordered the bond forfeited.

{¶ 7}    Surety and Chuck Brown II Bail Bonds, represented by Hoffman, appealed the June 11, 2015 bond forfeiture to the Third District Court of Appeals. Hoffman filed a brief on behalf of Chuck Brown II Bail Bonds but failed to file a brief on behalf of Surety. In *State v. Hawrylak*, 3d Dist. No. 5-15-24, 2016-Ohio-250 ("*Hawrylak I*"), the court of appeals upheld the trial court's bond forfeiture but dismissed Surety's appeal for failing to file an appellate brief.

{¶ 8}    On April 4, 2016, the trial court ordered U.S. Specialty, Martin Pope Bail Bonds, and Surety to pay $45,000 to the clerk of courts.

{¶ 9}   On January 18, 2017, U.S. Specialty, Chuck Brown, II, and Chuck Brown II Bail Bonds filed the current professional malpractice action in the Franklin County Court of Common Pleas against Hoffman for failing to brief Surety's assignments of error in *Hawrylak I.*

{¶ 10} In the Hancock County case, the state filed a motion to find Surety in contempt of the April 4, 2016 order because none of the parties had made the bond payment as ordered. In opposition, U.S. Specialty claimed it was not required to pay the bond because the initial February 3, 2014 bond forfeiture did not comply with the R.C. 2937.36(C) notice provision; thus, the state was prohibited from filing a second attempt to revoke the bond. On August 7, 2018, the trial court issued a decision in which it found nothing precluded the state from filing a second bond forfeiture. U.S. Specialty appealed to the Third District Court of Appeals asserting the April 4, 2016 order was void ab initio due to failure to timely issue statutory notice; thus, the trial court could not issue a subsequent bond forfeiture. In *State v. Hawrylak*, 3d Dist. No. 5-18-17 (Feb. 4, 2019) (memorandum decision) ("*Hawrylak II*"), the court of appeals found there was no authority to support the position that the trial court was deprived of jurisdiction to issue the second declaration of bond forfeiture after it vacated the first declaration of forfeiture. The Supreme Court of Ohio rejected the appeal in *State v. Hawrylak*, 156 Ohio St.3d 1454, 2019-Ohio-2780, *reconsideration denied*, 157 Ohio St.3d 1408, 2019-Ohio-3731.

{¶ 11} On February 11, 2019, in the Franklin County professional malpractice case, Hoffman filed a motion for summary judgment arguing that because U.S. Specialty's failed argument in *Hawrylak II* was the same argument U.S. Specialty claims Hoffman should have made in *Hawrylak I*, U.S. Specialty cannot show Hoffman's failure to make the same failed argument in *Hawrylak I* was the proximate cause of any harm to U.S. Specialty. Although U.S. Specialty requested from opposing counsel a 14-day extension to file its memorandum contra to Hoffman's summary judgment motion, and opposing counsel agreed, U.S. Specialty neglected to file for such extension with the trial court.

{¶ 12} On March 1, 2019, the trial court granted Hoffman's motion for summary judgment finding the decision in *Hawrylak II* makes clear the argument U.S. Specialty claims Hoffman should have made in *Hawrylak I* would have been rejected in *Hawrylak I* if made; thus, there was no proximate cause in the current professional malpractice claim.

{¶ 13} On March 5, 2019, U.S. Specialty filed a motion to vacate the trial court's granting of summary judgment, pursuant to Civ.R. 60(B)(1), along with its memorandum contra the motion for summary judgment and a cross-motion for summary judgment. U.S. Specialty argued Hoffman's counsel had consented to an extension to file a memorandum contra Hoffman's motion for summary judgment, but due to counsel's preoccupation with jury trials scheduled for February 25 and 26, 2019, he inadvertently failed to file a motion for extension with the trial court. On November 26, 2019, the trial court denied the motion to vacate. U.S. Specialty appeals, asserting the following two assignments of error:

> [I.]  The trial court erred when it denied Appellants' motion to vacate for the reason R.C. 2937.36 bars bond forfeiture if the surety is not given Notice within fifteen days following a defendant's failure to appear.

> [II.] The trial court erred when it granted summary judgment to Appellee, for the reason the opinion of the Third District Court of Appeals concerning R.C. [2937.36] was not only erroneous, it did not absolve Appellee of the duty to file a brief.

{¶ 14} Before addressing U.S. Specialty's assignments of error, we must first address Hoffman's motion to dismiss purported appellants Surety, Chuck Brown, II, and Chuck Brown II Bail Bonds. U.S. Specialty has not filed any response to the motion. App.R. 3(D) provides, in pertinent part, that "[t]he notice of appeal shall specify the party or parties taking the appeal." Here, the case title in the notices of appeal indicate "U.S. SPECIALTY INSURANCE CO., et al.," and the bodies of the notices of appeal include U.S. Specialty and Surety. The March 6, 2017 amended complaint filed in the trial court names U.S. Specialty, Chuck Brown, II, and Chuck Brown II Bail Bonds as plaintiffs.

{¶ 15} When a notice of appeal fulfills its basic purpose of informing the court and opposing parties of a party's intent to appeal a judgment, justice is best served by an attitude of judicial tolerance toward any minor or technical error made in good faith. *Natl. Mut. Ins. Co. v. Papenhagen*, 30 Ohio St.3d 14, 16 (1987). Thus, failure to specifically name one or more of multiple party appellants in a notice of appeal is not a fatal defect as to unspecified parties who are fairly described in the notice by the use of a plural term such as "et al." *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320, 322-23 (1995). Furthermore, pursuant to App.R. 3(A), "the only jurisdictional requirement for a valid appeal is the timely filing of a notice of appeal. When presented with other defects in the notice of appeal, a court of

appeals is vested with discretion to determine whether sanctions, including dismissal, are warranted, and its decision will not be overturned absent an abuse of discretion." *Id.* at syllabus.

{¶ 16} In the present case, Surety cannot be a party to the appeal as it was not a named plaintiff in the original complaint or in the March 6, 2017 amended complaint, and there is nothing indicating it was ever added as a plaintiff-party subsequently. With regard to Chuck Brown, II, and Chuck Brown II Bail Bonds, the use of the term "et al." in the case caption of the notice of appeal denotes plural parties. However, neither Chuck Brown, II, nor Chuck Brown II Bail Bonds are included in the bodies of the notices of appeal. Notwithstanding, based upon the "et al." language in the case caption, coupled with the fact that Chuck Brown, II, and Chuck Brown II Bail Bonds were named plaintiffs in the amended complaint, named as appellants in appellants' appellate brief, and included as plaintiffs in various motions and entries throughout the trial court proceedings, we find that Chuck Brown, II, and Chuck Brown II Bail Bonds are appellants in the present action. *See Transamerica Ins. Co.* at 322-23 (noting that interpreting the term "et al." in the notice of appeal to include an unnamed appellant did not prejudice appellees, as all parties were aware of the interests of the unnamed appellant who had been a party in the trial court). Therefore, we find Surety is not a party to the present appeal, but Chuck Brown, II, and Chuck Brown II Bail Bonds are appellants. Hoffman's motion to dismiss certain parties is granted in part and denied in part.

{¶ 17} With regard to U.S. Specialty's assignments of error, because U.S. Specialty addresses its second assignment of error first, we will do the same. U.S. Specialty argues in its second assignment of error the trial court erred when it granted summary judgment to Hoffman. Summary judgment is appropriate when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-moving party, and that conclusion is adverse to the non-moving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, L.L.C.*, 192

Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 18} When seeking summary judgment on the ground that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the non-moving party has no evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the non-moving party has no evidence to support its claims. *Id.* If the moving party meets its burden, then the non-moving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. If the non-moving party does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. *Id.*

{¶ 19} In the present case, U.S. Specialty argues there existed genuine issues of material fact as to whether Hoffman committed professional negligence when he failed to file an appellate brief on behalf of U.S. Specialty in *Hawrylak I*. U.S. Specialty claims that Hoffman's motion for summary judgment focused on the wrong issue—whether the underlying bond was properly forfeited—instead of whether it is malpractice to fail to file an appellate brief, notwithstanding whether the underlying issue on appeal is ultimately decided unfavorably. Even so, U.S. Specialty contends Hoffman cannot rely on *Hawrylak II* to prove his argument because it was placed on the accelerated calendar, and App.R. 11.1(E) and Loc.R. 12 of the Third District Court of Appeals prohibit the citation of accelerated cases. Furthermore, U.S. Specialty argues there was no lawful basis to forfeit the bond because the bond guaranteed Hawrylak's appearance at court but was revoked for a reason not guaranteed by the surety—the failure to report to probation. Finally, U.S. Specialty asserts Hoffman's motion for summary judgment wrongly suggests the only issue Hoffman could have raised in an appellate brief in *Hawrylak I* was the statutory notice issue, when, in fact, there existed other issues that Hoffman could have raised, such as Hawrylak being incarcerated in Franklin County in January 2014, Hancock County being notified that Hawrylak was released from Franklin County but failing to pick him up, and

the second bail bond issued in Franklin County discharging U.S. Specialty's bond in Hancock County.

{¶ 20} However, before addressing the merits of U.S. Specialty's arguments, we must address U.S. Specialty's failure to file a memorandum contra Hoffman's motion for summary judgment in the trial court. The failure to raise an argument in response to a motion for summary judgment waives that argument for purposes of appellate appeal. *Lacey v. Ohio Aud. of State*, 10th Dist. No. 19AP-110, 2019-Ohio-4266, ¶ 13, fn. 1, citing *Betz v. Penske Truck Leasing Co., L.P.*, 10th Dist. No. 11AP-982, 2012-Ohio-3472, ¶ 34 (failure to raise argument in response to motion for summary judgment waives argument on appeal). Thus, a party's failure to file a response to a motion for summary judgment waives any arguments for purposes of appeal. *Leonard v. MBB Partnership*, 10th Dist. No. 15AP-956, 2016-Ohio-3534, ¶ 15 (failure to oppose summary judgment results in waiver of any arguments on appeal); *U.S. Bank, N.A. v. Goldsmith*, 10th Dist. No. 14AP-783, 2015-Ohio-3008, ¶ 7 (because appellant failed to file a memorandum contra appellee's motion for summary judgment and, thus, was raising her arguments for the first time on appeal, she waived the issue for purposes of appeal). While it is true that "[a]ppellate courts review summary judgment decisions de novo[,] * * * the parties are not given a second chance to raise arguments that they should have raised below." *Whitson v. One Stop Rental Tool & Party*, 12th Dist. No. CA2016-03-004, 2017-Ohio-418, ¶ 18. Therefore, because, in the present case, U.S. Specialty failed to file a memorandum contra responding to Hoffman's motion for summary judgment, it failed to raise every argument that it now attempts to present in this appeal, and we find U.S. Specialty waived such arguments for purposes of appeal.

{¶ 21} Notwithstanding, even if we were to address U.S. Specialty's arguments for the first time on appeal, we would find them to be without merit. A plaintiff asserting a claim for legal malpractice based on negligent misrepresentation must establish that: (1) the attorney owed a duty or obligation to the plaintiff, (2) there was a breach of that duty or obligation and the attorney failed to conform to the standard required by law, and (3) there is a causal connection between the attorney's breach of duty and the resulting damage or loss. *Vahila v. Hall*, 77 Ohio St.3d 421 (1997), syllabus. Failure to establish any of the three elements entitles the opposing party to summary judgment. *Lundeen v. Graff*, 10th Dist. No. 15AP-32, 2015-Ohio-4462, ¶ 12. Thus, to prevail on his motion for summary

judgment, Hoffman was required to demonstrate that U.S. Specialty would be unable to establish one or more of the elements of a legal malpractice claim. *See*, *e.g.*, *Mulhollen v. Angel*, 10th Dist. No. 03AP-1218, 2005-Ohio-578, ¶ 21 ("Because defendants sought summary judgment on the basis that [plaintiff] could not prove these claims at trial, it was defendants' initial burden to present Civ.R. 56(C) evidence that affirmatively demonstrated the absence of evidence supporting each of [plaintiff's] claims."). Hoffman could make this showing by establishing that: (1) he did not owe a duty to U.S. Specialty, (2) if he did owe a duty to U.S. Specialty, he did not commit the alleged breach of duty or fail to conform to the standard required by law, or (3) there was no causal connection between the alleged breach and the alleged damages.

{¶ 22} In the trial court's March 1, 2019 judgment, the trial court granted Hoffman's motion for summary judgment on the basis that the decision in *Hawryluk II* makes clear the argument U.S. Specialty claims Hoffman should have made in *Hawryluk I* would have been rejected in *Hawryluk I*; thus, there was no proximate cause in the current professional malpractice claim. Therefore, we will first address the proximate cause element. If the trial court was correct, and there was no proximate cause, we must find the trial court properly granted summary judgment.

{¶ 23} "A legal-malpractice plaintiff must prove a causal connection between the defendant-attorney's duty-breaching conduct and the plaintiff's claimed loss or damage." *McCarty v. Pedraza*, 2d Dist. No. 2013-CA-42, 2014-Ohio-3262, ¶ 21. A plaintiff in the type of legal malpractice case at issue here must show that, but for her attorney's negligence, she would have succeeded in the underlying appeal. *See Young-Hatten v. Taylor*, 10th Dist. No. 08AP-511, 2009-Ohio-1185, ¶ 26 (finding that the trial court correctly instructed the jury that appellants were required to prove, by a preponderance of the evidence, that, but for appellee's alleged negligence, they would have prevailed in their claim).

{¶ 24} In the present case, the trial court found in its judgment the Third District Court of Appeals in *Hawrylak II* already rejected U.S. Specialty's argument that the January 2014 bond forfeiture was improper due to a failure to comply with the statutory notice requirements and that this error barred the court from forfeiting the bond in June 2015. The court found this is the same argument U.S. Specialty asserts Hoffman should have made in a brief in their first appeal in *Hawrylak I*, and *Hawrylak II* now makes clear that argument would have failed in the first appeal because the court of appeals would have

reached the same conclusion it did in *Hawrylak II*; i.e., that the June 2015 bond forfeiture was proper and U.S. Specialty was required to pay the bond because it failed to secure Hawrylak's appearance in the trial court.

{¶ 25} We agree with the trial court. The argument rejected in *Hawrylak II*—that the January 2014 bond forfeiture was improper based on failure to comply with the notice requirements in R.C. 2937.36(C), and this error prohibited the court from forfeiting the bond in June 2015—is the same argument that U.S. Specialty claims Hoffman should have made in its appellate brief in *Hawrylak I*. The appellate court in *Hawrylak II* found there was no authority to support U.S. Specialty's position that the trial court was deprived of jurisdiction to issue the June 2015 declaration of bond forfeiture because it vacated the January 2014 declaration of forfeiture and, thus, the June 2015 bond forfeiture was proper. Therefore, because the appellate court in *Hawrylak II* rejected the argument U.S. Specialty claims Hoffman should have raised in *Hawrylak I*, U.S. Specialty cannot show that Hoffman's failure to raise such argument in *Hawrylak I* proximately caused U.S. Specialty any damage.

{¶ 26} With regard to U.S. Specialty's argument that Hoffman cannot rely upon *Hawrylak II* because it was placed on the accelerated calendar, and App.R. 11.1(E) and Loc.R. 12 prohibit the citation of accelerated cases, we find this argument lacks merit. In *Hawrylak II*, the Third District Court of Appeals first noted:

> This appeal, having been placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. This decision is therefore rendered by summary judgment entry, which is only controlling as between the parties to this action and not subject to publication or citation as legal authority under Rule 3 of the Ohio Supreme Court Rules for the Reporting of Decisions.

{¶ 27} Hoffman counters he is entitled to cite *Hawrylak II* because he is not relying upon it as binding legal authority but, instead, to show the existence and result of that decision. We agree. The Third District Court of Appeals has allowed decisions from accelerated calendar cases to be cited to provide background. In *Bd. of Cty. Commrs. v. Weis*, 3d Dist. No. 12-19-01, 2019-Ohio-3720, ¶ 3, fn. 2, the court cited a prior related case to provide background information for *Weis*. The court discussed its holding in the accelerated calendar case and relied upon it to provide a factual background. Here, Hoffman cited *Hawrylak II* not to show that the court was correct and should be followed

in the present action as binding precedent, but to show the same appellate court has already addressed the merits of the argument and rejected it; thus, it would have rejected the argument in *Hawrylak I* had Hoffman filed an appellate brief.

{¶ 28} As for the other issues that U.S. Specialty contends Hoffman could have raised in a brief in *Hawrylak I*, U.S. Specialty fails to detail the merits of any of these or how it suffered any prejudice by Hoffman failing to raise them. Likewise, U.S. Specialty cites the same issues in the memorandum contra it attempted to belatedly file instanter in the trial court, and similarly fails to detail the arguments. U.S. Specialty also fails to cite any authority to support these arguments. Also of note, as Hoffman points out, U.S. Specialty did not make any of these arguments in *Hawrylak II* and, instead, raised only the failure of the court to comply with the service notice requirements in R.C. 2937.36(C), which the appellate court rejected.

{¶ 29} For the foregoing reasons, we find the trial court did not err when it granted summary judgment in favor of Hoffman. Therefore, we overrule U.S. Specialty's second assignment of error.

{¶ 30} U.S. Specialty argues in its first assignment of error the trial court erred when it denied its Civ.R. 60(B) motion to vacate the granting of summary judgment to Hoffman. "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). In order to prevail on a motion for relief from judgment under Civ.R. 60(B), the moving party must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. If any of these three requirements is not met, the motion should be overruled. *Svoboda v. Brunswick*, 6 Ohio St.3d 348, 351 (1983). Regarding the second requirement, Civ.R. 60(B) states that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect."

{¶ 31} However, U.S. Specialty failed to make any substantive argument under its assignment of error in its appellate brief. Beyond the citation to black-letter case law

relating to Civ.R. 60(B), U.S. Specialty states only generically that the trial court's decision was an abuse of discretion because the failure to provide the 15-day notice, pursuant to R.C. 2937.36(C), divests the trial court of jurisdiction to order a forfeiture against the surety. Such argument does not address the merits of U.S. Specialty's motion to vacate which was based on its failure to file a motion for extension to file its memorandum contra Hoffman's motion for summary judgment. Furthermore, U.S. Specialty does not indicate under which specific Civ.R. 60(B) ground it pursued its motion to vacate. We could overrule U.S. Specialty's assignment of error on these bases alone.

{¶ 32} Regardless, we have already found the trial court did not err when it granted summary judgment, even if we were to consider U.S. Specialty's arguments included in the memorandum contra. Thus, even if the trial court had granted the motion to vacate and permitted U.S. Specialty's memorandum contra, summary judgment was warranted. For these reasons, we find the trial court did not err when it denied U.S. Specialty's motion to vacate pursuant to Civ.R. 60(B), and U.S. Specialty's first assignment of error is overruled.

{¶ 33} Accordingly, we grant in part and deny in part Hoffman's motion to dismiss parties. We overrule U.S. Specialty's two assignments of error and affirm the judgments of the Franklin County Court of Common Pleas.

*Motion to dismiss parties*
*granted in part and denied in part;*
*judgments affirmed.*

SADLER, P.J., and NELSON, J., concur.

_____