[Cite as *King v. Northwest Bancshares, Inc.*, 2024-Ohio-2392.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JEFFREY J. KING

    Appellant

    v.

NORTHWEST BANCSHARES, INC., et al.

    Appellees

C.A. No.     23CA011996

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    19CV198669

DECISION AND JOURNAL ENTRY

Dated: June 17, 2024

HENSAL, Judge.

{¶1} Jeffrey King appeals an order of the Lorain County Court of Common Pleas that granted summary judgment to Northwest Bancshares, Inc., and Northwest Bank. This Court reverses.

I.

{¶2} On June 11, 2009, James R. King converted an existing checking account at Lorain National Bank to a joint account with rights of survivorship owned by him and his two sons, Jeffrey J. King and Timothy J. King. James King died on February 17, 2019, and he was survived by his sons. Shortly thereafter, Northwest Bank set off funds in the account against debts owed by Timothy King. Jeffrey King filed a complaint against Northwest Bancshares, Inc., and Northwest Bank. He alleged a claim for conversion against both entities and a claim for breach of contract against Northwest Bancshares, Inc., and he requested a judgment declaring his rights under the

account agreement and awarding him the same damages that he requested in connection with his other claims.

**{¶3}** Jeffrey King moved for partial summary judgment. In his motion, Mr. King set forth a partial history of the financial institutions at issue with reference to the exhibits filed with his motion, asserted that there were no genuine issues of material fact, and argued that he was entitled to judgment on his claims as a matter of law because he and his brother were each one-half owners of the funds deposited by their father. He also maintained that his brother's debt could not be set off against the entire account balance. He argued that the question of punitive damages, which he requested in connection with his conversion claim, should be heard by the Court after summary judgment was granted on the merits.

**{¶4}** Northwest Bancshares, Inc. and Northwest Bank responded to Mr. King's motion and filed a cross-motion for summary judgment in a single filing, They noted that "[Mr. King] and Northwest Bank agree that there are no disputed facts and that the issue can be determined by the language of the account agreement. Where the parties differ is in their interpretation of the relevant law." When Mr. King responded to the motion for summary judgment, he noted two statements that he believed to be incorrect, but the substance of his response was that he, rather than the banks, was entitled to judgment as a matter of law. Mr. King did not argue that genuine issues of fact precluded summary judgment, and he maintained that summary judgment should be granted in his favor. In their reply brief, the banks, in turn, argued that the facts to which they had referred were set forth in Mr. King's complaint and in his own summary judgment exhibits.

**{¶5}** The trial court noted the parties' positions that there were no genuine issues of material fact, concluded that the banks were entitled to judgment as a matter of law on each of Mr. King's claims, and granted summary judgment to the banks. The trial court analyzed Mr. King's

request for declaratory judgment in connection with his claim for breach of contract and determined that Mr. King was not entitled to relief. Mr. King appealed, raising three assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT FOR NORTHWEST BANK.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT FOR NORTHWEST BANCSHARES, INC.

**{¶6}** In his first and third assignments of error, Mr. King argues that the trial court erred by granting summary judgment to Northwest Bank on his conversion claim and to Northwest Bancshares, Inc. on his claims for conversion and breach of contract. His third assignment of error also argues that the trial court erred by concluding that its analysis of the breach of contract claim resolved his request for a declaratory judgment.

**{¶7}** This Court reviews an order granting summary judgment de novo. *State ex rel. Internatl. Assn. of Fire Fighters v. Sakacs*, 172 Ohio St.3d 462, 2023-Ohio-2976, ¶ 15. Under Civil Rule 56(C), "[s]ummary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10. The purpose of summary judgment is to determine whether triable issues of fact exist rather than to try issues of fact. *Smathers v. Glass*, 172 Ohio St.3d 84, 2022-Ohio-4595, ¶ 3. The substantive law underlying the claims at issue provides the framework for reviewing motions for summary judgment, both with respect to

whether there are genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Burkes v. Stidham*, 107 Ohio App.3d 363, 371 (8th Dist.1995).

{¶8} As an initial matter, Mr. King appears to argue on appeal that there were genuine issues of material fact with respect to which defendant was the successor to Lorain National Bank and, therefore, with regard to the respective roles that Northwest Bancshares, Inc. and Northwest Bank played in the transaction at issue. Mr. King did not make this argument in the trial court, however. To the contrary, he maintained throughout the proceedings that there were no genuine issues of material fact and that he, rather than either or both of the banks, was entitled to summary judgment. When a party fails to raise an argument in response to a motion for summary judgment, that argument is forfeited for purposes of appellate review. *U.S. Specialty Ins. Co. v. Hoffman*, 10th Dist. Franklin Nos. 19AP-189, 19AP-855, 2020-Ohio-4114, ¶ 20; *Young v. Robson Foods, Inc.*, 9th Dist. Lorain No. 08CA009499, 2009-Ohio-2781, ¶ 12.

{¶9} This Court agrees, however, that the trial court erred in granting summary judgment. Mr. King's complaint alleged claims against Northwest Bancshares, Inc. and Northwest Bank, but those claims were not coextensive: he asserted a claim for breach of contract only against Northwest Bancshares, Inc., while his conversion claim was asserted against both entities. In his claim for declaratory judgment, Mr. King requested declarations "that he became the owner of one-half of monies on deposit" in the account and "that defendants shall deliver" to him the amount that he alleged in damages. The trial court concluded that because "this is an action based on a contract," Mr. King had to prove that Northwest Bancshares, Inc. *and* Northwest Bank owed him a duty beyond the duty set forth in the contract in order to prevail on his conversion claim. Mr. King, however, asserted a breach of contract claim only with respect to Northwest Bancshares,

Inc. Similarly, the trial court analyzed Mr. King's breach of contract claim with reference to both defendants, even though Mr. King asserted that claim only against Northwest Bancshares, Inc.; appeared to conclude that the request for declaratory judgment was identical in substance to the claim for breach of contract; and granted summary judgment to "Defendant" on each of Mr. King's claims.

{¶10} Mr. King has argued that because "Northwest Bank and Northwest Bancshares, Inc. are separate legal entities[,]" the trial court erred by granting summary judgment. Although, as noted above, Mr. King forfeited his argument that there are genuine issues of material fact on this point, it is apparent that the trial court considered Northwest Bancshares, Inc. and Northwest Bank to be interchangeable names of the same entity. The trial court did not determine, based on the summary judgment evidence, the nature of the relationship between the banks and which entity was the successor to Lorain National Bank. Although Mr. King did not allege the same claims against each bank, the trial court did not separately determine whether each bank was liable for the claims alleged against it.

{¶11} The trial court, therefore, erred by granting summary judgment to Northwest Bancshares, Inc. and Northwest Bank without making these determinations. Mr. King's first and third assignments of error are sustained on this basis.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT DENIED JEFFREY J. KING'S MOTION FOR SUMMARY JUDGMENT AGAINST NORTHWEST BANK FOR CONVERSION.

{¶12} Mr. King's second assignment of error argues that the trial court erred by denying his own motion for summary judgment. In light of this Court's resolution of his first and third assignments of error, Mr. King's second assignment of error is premature.

III.

{¶13} Mr. King's first and third assignments of error are sustained. His second assignment of error is premature. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded to the trial court for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

_____
JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
CONCURS.

CARR, J.
<u>CONCURS IN JUDGMENT ONLY.</u>


<u>APPEARANCES:</u>

MARK E. STEPHENSON, Attorney at Law, for Appellant.

GREGORY R. FARKAS and PATRICK A. WALSH, Attorneys at Law, for Appellee.