[Cite as *State ex rel. Martin v. McCormick*, 2025-Ohio-1742.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO EX REL.,<br>TRAMAINE E. MARTIN, | : | |
| Relator, | : | No. 114928 |
| v. | : | |
| HONORABLE TIMOTHY P.<br>MCCORMICK, JUDGE, | : | |
| Respondent. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** May 13, 2025

Writ of Procedendo
Order No. 584270
Motion No. 583313

### *Appearances:*

Tramaine E. Martin, *pro se*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent*.

EILEEN A. GALLAGHER, A.J.:

{¶ 1} Relator, Tramaine E. Martin, seeks a writ of procedendo ordering respondent, Judge Timothy P. McCormick, to "properly journalize the grant of

supplemental pleadings and a prompt hearing" related to his successive petition for postconviction relief filed in *State v. Martin*, Cuyahoga C.P. No. CR-16-612220-A. For the reasons that follow, relator's request for relief is moot, respondent's motion for summary judgment is granted and the request for a writ of procedendo is denied.

## I.     Factual and Procedural Background

{¶ 2}     On March 19, 2025, Martin filed the instant petition for a writ of procedendo.  In the underlying criminal action, Martin filed a successive petition for postconviction relief (in which he also requested an evidentiary hearing) on May 6, 2024.[1]  On June 4, 2024, Martin filed a combined motion for leave to supplement his petition (seeking to supplement his successive petition with "expert testimony underpinning his claim") and a motion to proceed to hearing (requesting that the trial court "proceed to prompt hearing" on his petition "under color of R.C. §2953.21(F)").  On June 11, 2024, the trial court journalized a journal entry denying the motion that states:

> Defendant's motion for leave to supplement petition and motion to proceed to hearing is denied.
>
> Clerk ordered to send a copy of this order to: Defendant, Tramaine E. Martin, Inmate #A701-090; Noble Correctional Institu[tion], 15708 McConnelsville Road.

---

[1] Martin previously filed a complaint for a writ of procedendo seeking to order Judge McCormick to rule on his successive petition for postconviction relief.  *See State ex rel. Martin v. McCormick*, 2024-Ohio-6187 (8th Dist.).  In that case, respondent's motion for summary judgment was granted and Martin's request for a writ was denied based on Martin's failure to strictly comply with R.C. 2969.25(C)(1).  *Id.* at ¶ 13.  Martin appealed that ruling to the Ohio Supreme Court, where it remains pending.  *State ex rel. Martin v. McCormick*, Ohio Supreme Ct. No. 2024-1739.

Caldwell OH  43724-8902
06/11/2024
Cpeff 06/11/2024 15:43:45

**{¶ 3}** Martin alleges that Judge McCormick thereafter "seemingly reconsidered his initial June 11, 2024 denial" of Martin's motion for leave to supplement petition and motion to proceed to hearing based on a subsequent notation that was made on the trial court's docket next to the entry reflecting the filing of his motion:

> 6/4/2024  D1  MO Motion for leave to supplement petition and motion
>                 to proceed to hearing *10/16/2024 — granted*

(Emphasis added.)

**{¶ 4}** The docket does not reflect the journalization of an order on October 16, 2024 (or on any other date) granting the motion. Rather, as stated above, the trial court journalized a journal entry on June 11, 2024, denying the motion. Martin argues that the alleged October 16, 2024 "ruling" "remains only a *docket entry*, as opposed to a journal entry required by law" and that he "is entitled to a journal entry reflecting Judge McCormick's decision to allow supplemental pleadings and setting [the] matter for a prompt evidentiary hearing."

**{¶ 5}** On April 3, 2025, respondent filed a motion for summary judgment. Attached to that motion, incorporated by reference in a supporting affidavit, was a certified copy of a journal entry journalized on March 27, 2025 that states:

> Defendant's untimely successive petition for postconviction relief filed on May 6, 2024, is denied.

> In addition, a judge has no duty to issue findings of fact and conclusions of law on successive or untimely petitions for postconviction relief.

*State Ex Rel. George v. Burnside*, 118 Ohio St.3d 406, 2008-Ohio-2702, ¶ 6; *State v. Jones*, 8th Dist. Cuyahoga App No. 104667, 2017-Ohio-1052, ¶ 12.

It is so ordered.

The order includes a stamp, indicating that the order was signed by the administrative judge because the assigned judge was unavailable.

**{¶ 6}** Respondent argues that, based on this entry denying Martin's successive petition for postconviction relief, Martin's request for a writ of procedendo is moot. Respondent does not address, in his motion for summary judgment or otherwise, how or why the notation "10/16/2024 – granted" was made on the docket next to the entry relating to the filing of Martin's motion for leave to supplement petition and motion to proceed to hearing.

**{¶ 7}** Martin did not timely file an opposition to respondent's motion for summary judgment.

## II. Law and Analysis

**{¶ 8}** "'A writ of procedendo is an extraordinary remedy in the form of an order from a higher tribunal directing a lower tribunal to proceed to judgment.'" *State ex rel. Bechtel v. Cornachio*, 2021-Ohio-1121, ¶ 7, quoting *State ex rel. Mignella v. Indus. Comm.*, 2019-Ohio-463, ¶ 7. "'A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment.'" *State ex rel. Dodson v. Phipps*, 2024-Ohio-4928, ¶ 13, quoting *State ex rel. Culgan v. Collier*, 2013-Ohio-1762, ¶ 7. Such a writ does not instruct the lower court as to what the judgment should be; it merely instructs the lower court to issue

a judgment. *State ex rel. Bechtel* at ¶ 7, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995). A writ of procedendo is appropriate upon a showing of a clear legal right to require the respondent to proceed, a clear legal duty on the part of the respondent to proceed and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Dodson* at ¶ 13; *State ex rel. Bechtel* at ¶ 7; *State ex rel. White v. Woods*, 2019-Ohio-1893, ¶ 7.

{¶ 9} "Procedendo will not compel the performance of a duty that has already been performed." *State ex rel. Bechtel* at ¶ 9, citing *State ex rel. Roberts v. Marsh*, 2020-Ohio-1540, ¶ 6. Where a relator seeks to compel an action that has been performed during the pendency of the proceedings, the procedendo claim becomes moot. *See, e.g., State ex rel. Bechtel* at ¶ 8-9 ("When a relator seeks to compel the issuance of a judgment entry through a writ of procedendo and the judge issues the entry, the procedendo claim is moot.").

{¶ 10} Respondent has filed a motion for summary judgment arguing that Martin's request for a writ of procedendo is moot because the trial court has denied Martin's successive petition for postconviction relief. Pursuant to Civ.R. 56(C), summary judgment is appropriate when no genuine issue exists as to any material fact and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party, entitling the moving party to judgment as a matter of law. *State ex rel. Dodson* at ¶ 21; Civ.R. 56(C).

{¶ 11} In support of his motion for summary judgment, respondent has submitted evidence that demonstrates that relator's claim for procedendo is moot. Although there is nothing in the record to explain why the notation "10/16/2024 – granted" was made next to the docket entry reflecting the filing of Martin's motion for leave to supplement petition and motion to proceed to hearing (after the trial court had already journalized a denial of that motion on June 11, 2024), the trial court has now issued a ruling denying the successive petition for postconviction relief (including his request for an evidentiary hearing) to which Martin's combined motion for leave to supplement and motion to proceed to hearing relates. Martin has not filed a response to respondent's motion for summary judgment and, therefore, has not disputed that the action is moot based on the trial court's ruling denying his successive petition for postconviction relief.

{¶ 12} Even if Martin's claim were not moot, there is no genuine issue of material fact that Martin would not be entitled to an extraordinary writ. Martin has not pointed to any evidence of specific facts showing that respondent had, in fact, reconsidered the June 11, 2024 ruling denying Martin's motion for leave to supplement petition and motion to proceed to hearing and had issued a subsequent ruling granting the motion — as Martin claims. Further, Martin could raise any alleged error with respect to the trial court's denial of his motion for leave to supplement and motion to proceed to hearing in an appeal from the trial court's order denying his successive petition for postconviction relief, thus, providing him with an adequate remedy at law, which precludes relief in procedendo. *See, e.g.,*

*State ex rel. Elkins v. Fais*, 2015-Ohio-2873, ¶ 5 ("'An appeal is an adequate remedy in the ordinary course of law that precludes an action for . . . procedendo.'"), quoting *State ex rel. Ward v. Reed*, 2014-Ohio-4512, ¶ 12.

{¶ 13} We, therefore, grant respondent's motion for summary judgment and deny relator's request for a writ of procedendo.  Costs assessed against relator; costs waived.  The clerk is directed to serve on all parties notice of this judgment and its date of entry upon the journal.  Civ.R. 58(B).

{¶ 14} Writ denied.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
EMANUELLA D. GROVES, J., CONCUR