[Cite as *Silliman v. Davis*, 2025-Ohio-2287.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

LORI A. SILLIMAN, et al.

    Appellants

    v.

JEREMY F. DAVIS, DPM, et al.

    Appellees

C.A. No.    31223

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2019-04-1624

DECISION AND JOURNAL ENTRY

Dated: June 30, 2025

SUTTON, Judge.

{¶1} Plaintiffs-Appellants Lori Silliman and Douglas Silliman appeal the judgment of the Summit County Court of Common Pleas granting summary judgment to Defendants-Appellees Jeremy F. Davis, Doctor of Podiatric Medicine, and Akron Ambulatory Foot Surgeons. For the reasons that follow, we affirm.

I.

{¶2} The facts relevant to this appeal are largely undisputed. The Sillimans initially filed a complaint against Dr. Davis and Akron Ambulatory Foot Surgeons in 2017, asserting claims arising out of Dr. Davis's medical care and treatment of Lori Silliman in 2014. The Sillimans voluntarily dismissed that action and refiled the complaint on April 29, 2019 ("2019 Complaint"). Dr. Davis and Akron Ambulatory Foot Surgeons filed an answer to the 2019 Complaint and the matter proceeded through the pretrial process.

{¶3}    On February 26, 2024, Dr. Davis and Akron Ambulatory Foot Surgeons filed a motion for summary judgment asserting there was no question of material fact and that they were entitled to judgment as a matter of law because the Sillimans had not identified or submitted an expert report by the deadline stated in the case management order. On May 15, 2024, Dr. Davis and Akron Ambulatory Foot Surgeons filed a motion for leave to file a supplemental motion for summary judgment asserting they were also entitled to judgment as a matter of law because the Sillimans' 2019 Complaint was barred by the medical malpractice claim statute of repose and the savings statute was inapplicable to medical malpractice claims as held by the Ohio Supreme Court in *Wilson v. Durrani*, 2020-Ohio-6827.  The trial court granted the motion for leave to file the supplemental motion on July 3, 2024, and granted the Sillimans leave until August 9, 2024, to file a response.

{¶4}    On June 14, 2024, the Sillimans filed a supplemental response to the first motion for summary judgment, attaching the expert report of Dr. Keith Wapner and requesting the motion for summary judgment be denied.  On August 9, 2024, the Sillimans filed a response to the supplemental motion for summary judgment arguing that it would be unfair and unjust to apply the Supreme Court's holding in *Wilson* because (1) unlike the plaintiff in *Wilson*, the Sillimans had refiled their complaint in the same county, and (2) *Wilson* was decided after the Sillimans refiled their complaint and "the law applicable at the time [the Sillimans] filed and refiled their case allowed them to do so."

{¶5}    Dr. Davis and Akron Ambulatory Foot Surgeons filed a reply in support of their supplemental motion for summary judgment asserting that both the timing of the *Wilson* decision and the Sillimans' argument regarding the county of filing was irrelevant to the Supreme Court of Ohio's holding in *Wilson*.

{¶6} The trial court concluded the Sillimans' medical malpractice claim and derivative loss of consortium claim are barred by the statute of repose and granted the supplemental motion for summary judgment.

{¶7} The Sillimans now appeal raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED SUMMARY JUDGMENT FOR THE DEFENDANTS AGAINST THE PLAINTIFFS ON THE GROUNDS THAT PLAINTIFFS' MEDICAL CLAIM AND DERIVATIVE LOSS OF CONSORTIUM CLAIM AGAINST DEFENDANTS ARE TIME BARRED BY THE STATUTE OF REPOSE.**

{¶8} In their sole assignment of error, the Sillimans contend the trial court erred by granting judgment in favor of Dr. Davis and Akron Ambulatory Foot Surgeons on the basis that their claims are barred by the statute of repose.

{¶9} Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the movant must first point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶10} "Among the procedural, common law, and statutory gatekeepers of civil actions, statutes of limitations and statutes of repose exist to limit the 'time for which a putative wrongdoer must be prepared to defend a claim.'" *Mercer v. Keane*, 2021-Ohio-1576, ¶ 18 (5th Dist.), quoting *Antoon v. Cleveland Clinic Foundation*, 2016-Ohio-7432, ¶ 11. While a "statute of limitations establishes 'a time limit for suing in a civil case, based on the date when the claim accrued[,]' . . . a statute of repose bars 'any suit that is brought after a specified time since the defendant acted . . . even if this period ends before the plaintiff has suffered a resulting injury.'" *Antoon* at ¶ 11, quoting *Black's Law Dictionary* 1636 (10th Ed. 2014).

{¶11} The parties do not dispute that the claims asserted in the complaint are medical-malpractice claims. R.C. 2305.113(C)(1), the statute of repose relevant to such claims, provides, "[e]xcept as to persons within the age of minority or of unsound mind . . . [n]o action upon a medical . . . claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical . . . claim." If an action upon a medical malpractice claim is not commenced within four years of the act or omission constituting the alleged basis of the claim, any action upon that claim is barred. R.C. 2305.113(C)(2).

{¶12} In *Wilson*, 2020-Ohio-6827 at ¶ 38, the Supreme Court of Ohio expressly stated:

> R.C. 2305.113(C) is a true statute of repose that, except as expressly stated in R.C. 2305.113(C) and (D), clearly and unambiguously precludes the commencement of a medical claim more than four years after the occurrence of the alleged act or omission that forms the basis of the claim. Expiration of the statute of repose precludes the commencement, pursuant to the saving statute, of a claim that has previously failed otherwise than on the merits in a prior action.

Additionally, "R.C. 2305.113(C) is a true statute of repose that applies to both vested and nonvested claims." *Antoon* at ¶ 1. "Therefore, any medical-malpractice action must be filed within four years of the occurrence of the act or omission alleged to have caused a plaintiff's injury." *Id.*

{¶13} On appeal, the Sillimans do not dispute that their claims arose on November 14, 2014, and January 16, 2015, and that their refiled 2019 Complaint was filed outside the four-year statute of repose for medical malpractice claims (April 29, 2019). Instead, the Sillimans assert in their merit brief that "[t]he legislature never intended to exclude medical malpractice claims from [the savings statute,]" and ask this Court to disregard the Supreme Court's holding in *Wilson*. In the alternative, the Sillimans argue that the holding in *Wilson* should not be applied to their case because it was decided after they refiled their complaint.

{¶14} The record, here, reflects the Sillimans were well within their rights when they timely filed this medical malpractice action in 2017, voluntarily dismissed it thereafter, and then timely refiled it under the savings statute in 2019. The Supreme Court of Ohio issued its decision in *Wilson v. Durrani*, 2020-Ohio-6827, after the Sillimans had refiled their 2019 Complaint just beyond the four-year statute of repose. Even though the refiling of the Sillimans' 2019 Complaint was a full year and a half before the Supreme Court of Ohio decided *Wilson*, this Court is still bound to apply *Wilson* to this situation because the Supreme Court of Ohio has applied its holding retroactively. *See Wilson v. Durrani*, 2021-Ohio-534 (granting reconsideration, in part.). *See also Britton v. Ciraldo*, 2022-Ohio-600, ¶ 12 (9th Dist.) wherein this Court recognized the *Wilson* Court's retroactive holding: "[i]n ruling on the motion for reconsideration, the Supreme Court of Ohio specifically stated that the request that the decision be applied prospectively only was denied." *Id*. Indeed, "[t]his court as an intermediate appellate court, is bound by, and must follow and apply, the decisions of the Ohio Supreme Court.") *Gehad & Mandi Inc. v. Ohio State Liquor Control Comm'n*, 2006-Ohio-3081, ¶ 7 (10th Dist.). We are sympathetic to the Sillimans' argument that the retroactive application of *Wilson* prejudicially impacted their ability to seek redress in the courts under the circumstances present in this case and deprived them of their

opportunity to seek justice. However, although this Court recognizes the Sillimans' plight, their arguments on appeal must be rejected.

{¶15} Further, in their reply brief, the Sillimans assert for the first time that they had a vested right to refile their complaint. Pursuant to Loc.R. 16(C), reply briefs are restricted to matters in rebuttal of the appellee's brief. "An appellant may not raise new assignments of error or new issues for consideration in its reply brief; rather, the reply brief is 'merely an opportunity to reply to the brief of the appellee.'" *Hunters Trail Acquisitions, LLC v. Stasik*, 2021-Ohio-2224, ¶ 8 (9th Dist.), quoting *State v. Palmison*, 2002-Ohio-2900, ¶ 32, fn.2 (9th Dist.), quoting *Sheppard v. Mack*, 68 Ohio App.2d 95, 97, fn.1 (8th Dist. 1980). Moreover, the Sillimans have forfeited this argument for appellate review because they failed to raise it in their response to the motion for summary judgment. *See King v. Northwest Bancshares, Inc.*, 2024-Ohio-2392, ¶ 8 (9th Dist.) ("When a party fails to raise an argument in response to a motion for summary judgment, that argument is forfeited for purposes of appellate review.").

{¶16} Based upon the foregoing, we must conclude the trial court did not err when it granted the motion for summary judgment of Dr. Davis and Akron Ambulatory Foot Surgeons because the claims asserted in the Sillimans' 2019 Complaint are time barred by the medical malpractice claim statute of repose.

{¶17} Accordingly, the Sillimans' sole assignment of error is overruled.

III.

{¶18} The Sillimans' sole assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

CHRISTOPHER L. PARKER and DIANA P. QUEZADA, Attorneys at Law, for Appellants.

THOMAS A. PRISLIPSKY, and BRIANNA M. PRISLIPSKY, Attorneys at Law, for Appellees.