[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Martin v. McCormick*, Slip Opinion No. 2026-Ohio-568.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-568

THE STATE EX REL. MARTIN, APPELLANT, *v.* MCCORMICK, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Martin v. McCormick*, Slip Opinion No. 2026-Ohio-568.]

*Procedendo—Appellee-trial judge's judgment denying appellant's petition for postconviction relief rendered moot appellant's request for a writ ordering a "journalization" of judge's previous ruling allegedly granting two motions—Appellant forfeited argument that judgment was not a final, appealable order by failing to raise argument in court of appeals—The failure to raise an argument in response to a summary-judgment motion forfeits that argument for purposes of appellate review—Court of appeals' order granting judge's motion for summary judgment affirmed.*

(No. 2025-0794—Submitted November 18, 2025—Decided February 24, 2026.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 114928, 2025-Ohio-1742.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Tramaine E. Martin, appeals a judgment of the Eighth District Court of Appeals granting a motion for summary judgment filed by appellee, Judge Timothy McCormick, and denying Martin's request for a writ of procedendo as moot. Martin had asked for a writ ordering Judge McCormick to "properly journalize" an alleged ruling relating to a successive petition for postconviction relief that Martin had filed. By failing to respond to Judge McCormick's summary-judgment motion, Martin forfeited the argument he has asserted for the first time on appeal. Moreover, the summary-judgment motion established that the judge had denied the successive postconviction petition, rendering the writ request moot. For these reasons, we affirm.

## I. BACKGROUND

### A. Martin's Writ Petition and Judge McCormick's Motion for Summary Judgment

{¶ 2} In March 2025, Martin filed his petition for a writ of procedendo in the Eighth District against Judge McCormick. According to the petition, Martin had filed in his criminal case a successive petition for postconviction relief as well as a motion for leave to supplement the petition and a motion to proceed to a hearing.[1] On June 11, 2024, Judge McCormick had denied the motions for leave

_____

1. Martin previously filed a petition for a writ of procedendo, seeking an order compelling Judge McCormick to rule on his successive petition for postconviction relief. *State ex rel. Martin v. McCormick*, 2024-Ohio-6187 (8th Dist.). The Eighth District granted the judge's motion for summary judgment because Martin had failed to strictly comply with R.C. 2969.25(C)(1) (requiring an inmate requesting a waiver of court of appeals' filing fees in a civil action against a government entity or employee to submit with complaint an affidavit of indigency that contains a statement

and to proceed to a hearing. In his writ petition, Martin alleged that the judge later "seemingly reconsidered" his denial of the two motions. In support of this allegation, Martin attached to his petition the trial court's docket, which includes the notation "10/16/24 - GRANTED" next to the entry reflecting the filing of the motions for leave and to proceed to a hearing. Martin thus requested a writ of procedendo ordering Judge McCormick to "properly journalize" this alleged ruling granting the motions.

{¶ 3} On March 27, 2025, Judge McCormick denied Martin's successive motion for postconviction relief as untimely. Judge McCormick subsequently filed a motion for summary judgment in this case, arguing that Martin's petition for a writ of procedendo was moot because the judge had denied Martin's postconviction petition, thus fulfilling the duty that he sought to compel in procedendo. Martin did not file a timely response in opposition.

### B. Judgment and Appeal

{¶ 4} The Eighth District granted Judge McCormick's summary-judgment motion. The court found that Judge McCormick had submitted evidence demonstrating that he had denied Martin's successive petition for postconviction relief. Because Martin's motion for leave to supplement the petition and motion to proceed to a hearing related to the petition for postconviction relief, the court held, Judge McCormick had established that Martin's procedendo action was moot. 2025-Ohio-1742, ¶ 11. By failing to respond to the summary-judgment motion, the Eighth District added, Martin had not disputed that the action was moot. *Id.* Finally, the court noted that even if Martin's action was not moot, there was no genuine issue of material fact because he had not pointed to any specific facts showing that Judge McCormick had reconsidered his ruling denying the motions. *Id.* at ¶ 12.

---

setting forth balance in inmate account for each of preceding six months). *Id*. at ¶ 13. Martin appealed the Eighth District's judgment to this court, and we affirmed. 2025-Ohio-4398.

**{¶ 5}** Martin has timely appealed to this court.

## II. ANALYSIS

### A. Standard of Review

#### 1. Writ of Procedendo

**{¶ 6}** "'A writ of procedendo is an extraordinary remedy in the form of an order from a higher tribunal directing a lower tribunal to proceed to judgment.'" *State ex rel. Bechtel v. Cornachio*, 2021-Ohio-1121, ¶ 7, quoting *State ex rel. Mignella v. Indus. Comm.*, 2019-Ohio-463, ¶ 7. "'A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment.'" *State ex rel. Dodson v. Phipps*, 2024-Ohio-4928, ¶ 13, quoting *State ex rel. Culgan v. Collier*, 2013-Ohio-1762, ¶ 7. However, a writ of procedendo will lie only to instruct a court to issue a judgment, not to instruct a court as to what that judgment should be. *Bechtel* at ¶ 7. For a writ of procedendo to issue here, Martin must establish (1) a clear legal right to require Judge McCormick to proceed, (2) a clear legal duty on the part of the judge to proceed, and (3) the lack of an adequate remedy in the ordinary course of the law. *Dodson* at ¶ 13.

#### 2. Summary Judgment

**{¶ 7}** We review de novo a court of appeals' ruling granting summary judgment. *State ex rel. Whittaker v. Lucas Cty. Prosecutor's Office*, 2021-Ohio-1241, ¶ 8. Summary judgment in a procedendo action is appropriate only if (1) there is no genuine issue as to any material fact, (2) the movant is entitled to judgment as a matter of law, and (3) construing the evidence most strongly in the nonmovant's favor, reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmovant. *Id.*; *accord* Civ.R. 56(C).

### B. Writ of Procedendo

**{¶ 8}** The issue presented in this case is whether Judge McCormick had a clear legal duty to "journalize" his alleged reconsideration of his judgment denying Martin's motions to supplement his petition for postconviction relief and to proceed

to a hearing. After Martin filed his petition for a writ of procedendo, Judge McCormick denied his successive petition for postconviction relief. Because the motions for leave to supplement the petition and to proceed to a hearing were related to the postconviction petition, the judge's judgment denying the petition for postconviction relief rendered moot Martin's request for a writ of procedendo ordering a "journalization" of the court's previous ruling allegedly granting those two motions.

{¶ 9} Judge McCormick's motion for summary judgment established that he had denied Martin's successive petition for postconviction relief. Martin did not file a response to the motion; therefore, he did not establish any genuine issue of material fact. Accordingly, the Eighth District correctly held that Martin's request for a writ of procedendo was moot and that Judge McCormick therefore was entitled to summary judgment.

{¶ 10} In his merit brief, Martin argues that the Eighth District erred in granting summary judgment because Judge McCormick's judgment denying his successive petition for postconviction relief—which the Eighth District held rendered Martin's procedendo claim moot—was invalid. He contends that the judgment was not a final, appealable order in that it was not labeled as a "judgment," it was not time-stamped, and the accompanying journal entry was not signed by a judge.

{¶ 11} However, Martin has forfeited this argument for purposes of appeal by failing to raise it first in the Eighth District. Arguments raised for the first time on appeal will not be considered by an appellate court. *State v. LaRosa*, 2021-Ohio-4060, ¶ 34; *Portage Cty. Bd. of Commrs. v. Akron*, 2006-Ohio-954, ¶ 86. This rule applies to motions for summary judgment; the failure to raise an argument in response to a summary-judgment motion forfeits that argument for purposes of appellate review, *Sovereign Bank, N.A. v. Singh*, 2015-Ohio-3865, ¶ 11 (9th Dist.); *see also, e.g., Scott Holding Co., Inc. v. Turbo Restaurants US, L.L.C.*, 2024-Ohio-

5240, ¶ 37 (5th Dist.); *Budz v. Somerfield*, 2023-Ohio-155, ¶ 30 (2d Dist.); *Powell v. Cleveland*, 2022-Ohio-4286, ¶ 53 (8th Dist.); *U.S. Specialty Ins. Co. v. Hoffman*, 2020-Ohio-4114, ¶ 20 (10th Dist.). Thus, a party's failure to file a response to a motion for summary judgment forfeits for purposes of appeal arguments that the party could have raised in the trial court. *See U.S. Specialty* at ¶ 20; *see also Leonard v. MBB Partnership*, 2016-Ohio-3534, ¶ 15 (10th Dist.) (party waived argument that trial court had erred in considering certain evidence attached to opposing party's motion for summary judgment when party had not asserted that argument in trial court). Here, Martin failed to file a response to Judge McCormick's motion for summary judgment. Accordingly, Martin has forfeited for appellate review his arguments that the judgment denying his successive petition for postconviction relief was invalid and that his procedendo claim was not moot.

### III. CONCLUSION

{¶ 12} For the foregoing reasons, we affirm the judgment of the Eighth District Court of Appeals granting Judge McCormick's motion for summary judgment and denying Martin's request for a writ of procedendo as moot.

Judgment affirmed.

_____

Tramaine E. Martin, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael J. Stewart, Assistant Prosecuting Attorney, for appellee.

_____